## Case No. 4,408.

### ELLITHORP v. ROBERTSON et al.

[4 Blatchf. 307;[1] 2 Fish. Pat. Cas. 83; Merw. Pat. Inv. 702.]

Circuit Court, S. D. New York. March 3, 1859.

Amos K. Hadley, for plaintiff.
Geo. Gifford, for defendants.

INGERSOLL, District Judge. The question for determination in this case is, whether the plaintiff has made out such a case, in his bill, as will authorize the court to declare the patent which was issued to Robertson void and of no effect. It should be borne in mind, that there is no allegation in the bill,

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

and no claim made by the plaintiff, that Robertson surreptitiously or unjustly obtained his patent, for that which was in fact invented and discovered by the plaintiff, who was using reasonable diligence in adapting and perfecting the same.

The object of the patent laws is to encourage useful improvements reduced to actual practice. Before a patent can be granted, it must be made to appear that the party applying for it was the original inventor of the thing sought to be patented, and that he has reduced the same to practice. To defeat a patent which has been issued, it is not enough that some one, before the patentee, conceived the idea of effecting what the patentee accomplished. To constitute such a prior invention as will avoid a patent that has been granted, it must be made to appear that some one before the patentee, not only conceived the idea of doing what the patentee has done, but also reduced his idea to practice, and embodied it in some practical and useful form. The idea must have been carried into practical operation. The making of drawings of conceived ideas is not such an embodiment of such conceived ideas in a practical and useful form, as will defeat a patent which has been granted. Experiments made, equivocal in their results, and given up for years, will not be permitted to prevail against an original inventor, who has reduced his invention to practice, and has, without fraud, obtained a patent. An invention is not patentable until it is perfected and adapted to use. In a race of diligence between two independent inventors, he who first reduces his invention to a fixed, positive, and practical form, has a priority of right to a patent. Many v. Jagger [Case No. 9,055]; Parkhurst v. Kinsman, [Id. 10,757]; Reed v. Cutter [Id. 11,645].

Robertson's patent, as appears by the bill, was issued on the 28th of November, 1854. There is no sufficient allegation, in the bill, that the plaintiff had, before that time, reduced his invention to practice, or embodied it in some practical and useful form, or that it had been adapted to use. All that is alleged in the bill, on the subject of the invention, is, that the plaintiff, in July, 1847, was the original inventor of the improvements patented to Robertson, and that, in the same month, he made drawings of the same, preparatory to making application for a patent. The making of the drawings is all that he did to show what his idea was. The bill does not show that there was any reducing of the invention to any practical and useful form, or that it was adapted to use. The allegations of the bill are, therefore, not sufficient to defeat the patent to Robertson.

If there had been any fraud in obtaining the patent issued to Robertson, or if it had been unjustly issued, the case would have been presented in another aspect. For, it is provided, by the 15th section of the patent act of July 4, 1836 (5 Stat. 123), that a patent issued may be avoided, if the patentee has surreptitiously or unjustly obtained his patent for that which was in fact invented or discovered by another, who was using reasonable diligence in adapting and perfecting the same. But there are no allegations of this kind in the bill; and there is no claim that Robertson either surreptitiously or unjustly obtained his patent, and no sufficient allegation in the bill, that the plaintiff, at the time the patent to Robertson was issued, was using reasonable diligence in adapting and perfecting his invention.

With this view of the case, it is not necessary to consider the other questions which have been presented. The bill must, therefore, be dismissed.

[1] [Subsequently, at October term, 1860, and after the death of Judge INGERSOLL, a new application was made for a decree to Mr. Justice NELSON and Judge SHIPMAN, under whose direction an order was entered, which is given in full, because of its general bearing upon the practice to be adopted under section 16 of the act of July 4, 1836. The decree of the court was as follows:

["This cause came on to be heard at this term as against the defendant, Thomas J. W. Robertson, he being the only defendant served with process herein, or who resided or could be found within the jurisdiction of this court; and the said cause was argued by counsel, and thereupon, upon consideration thereof, it was ordered, adjudged, and decreed as follows, namely, that the said defendant, Thomas J. W. Robertson, and D. W. Clark, were, at the time of the commencement of this action, and now are, joint owners of two undivided fifth parts of certain letters patent for certain improvements in sewing machines in the said bill of complaint mentioned, issued by the United States unto the said defendant, Thomas J. W. Robertson, on or about November 28, 1854. That the said letters patent, according to the aforesaid interest therein, of the said defendant, Robertson, and to the extent of such interest, are absolutely void; and that the said complainant, Solomon B. Ellithorp, was the original and first inventor of the said improvement so, as aforesaid, patented unto the said Robertson, and is entitled, according to the principles and provisions of the acts of the congress of the United States in such cases made and provided, to have and receive a patent for such new and useful improvement in sewing machines, the claim which the said complainant is entitled to make for such improvement being 'The stationary bobbin D, enclosing and containing the second or locking thread upon a spool or ball, and suspended and operated in the case or basket E, and located in relation to the needle F,' as and for the purpose set forth in the specifica-

---

[1] [From 2 Fish. Pat. Cas. 83.]

tions to the said bill of complaint annexed, and as specified and described in the specifications and claims of the said Ellithorp in that behalf made and filed in the patent office of the United States on April 10, 1858; and the said commissioner of patents of the United States is hereby authorized and directed to issue such patent unto the said Solomon B. Ellithorp on his filing with such commissioner a copy of this adjudication and otherwise complying with the requisitions of the said acts of congress."

[The attention of Judge SHIPMAN having been called to the opinion and decision of Judge INGERSOLL, an order was entered June 10, 1861, setting aside the decree of October term, 1860, as follows:

["On reading and filing affidavits, and other documents, in this suit, and on motion of George Gifford, of counsel for the defendant, Clark, made at the last February term of this court, opposed by A. K. Hadley, Esq., and it having been discovered that the application on which the final decree was entered in this suit, dated December 3, 1860, was irregularly made through mistake of the fact that a written opinion and decision had already been given and filed in the office of the clerk of this court, dismissing the bill of complaint therein, and that an entry of the same had been made in the books of the clerk of this court, and that said decree, dated December 3, 1860, had been filed in the patent office of the United States:

["It is hereby ordered, adjudged, and decreed that said decree, and all the provisions and directions therein contained, dated December 3, 1860, declaring Solomon B. Ellithorp to be entitled to have a patent, and directing the commissioner of patents of the United States to issue a patent to said Ellithorp for illeged improvements in sewing machines, be, and the same hereby is, vacated, annulled, and set aside, and that no further action be taken under or by virtue of the same, and that this order be entered in the office of the clerk of this court, and a copy thereof served upon the commissioner of patents."] [1]