JOSEPH BRADISH *v.* CHESTER BLSS.

*Evidence.   Presumption of Innocence.   Criminal Law.*

If in a civil action a question arises, the determination of which involves the
establishment of the fact that either party has been guilty of a criminal act,
the other party, in order to obtain a determination of such question in his
favor, must overcome by a fair balance of testimony, not only the evidence
introduced by the party so charged, but also the legal presumption of inno-
cence which exists in every case.

TRESPASS ON THE FREEHOLD for burning the plaintiff's barn.
Plea, the general issue, and trial by jury, at the September Term,
1861, PECK, J., presiding.

The plaintiff introduced evidence, which was all of a circum-
stantial character, tending to prove the issue on his part, and
the defendant introduced evidence tending to prove the contrary.
The whole evidence in the case tended to prove that if the defend-
ant was guilty of the alleged trespass, he must have set fire to
and burned the barn intentionally and designedly, and thereby
committed the crime of arson; and it was so treated and claimed
in argument by the counsel on both sides.

The court charged the jury fully in the case, and no exception
was taken to the charge by the plaintiff's counsel except in the
following respect:   The court told the jury that it was conceded
by the counsel on both sides that if the defendant was guilty, he
was guilty of burning the building by design, and therefore guilty
of a high crime, a crime involving moral turpitude; and that
in such cases it was necessary there should be what was some-
times called full proof; that in such cases there was in the outset
a presumption of innocence in favor of the defendant, and to be
overcome by evidence; and that although this was a civil suit
for private damages, yet, inasmuch as the act complained of was
a high crime, involving moral turpitude, this presumption of
innocence had its influence in the trial of the cause, and that
more clear and satisfactory proof was necessary to warrant a
verdict for the plaintiff than would be barely sufficient in a com-
mon suit for a debt, or a common trespass involving no crime
or moral turpitude; that the case need not be made out to a
certainty; that even in a criminal case it was only necessary to

prove the guilt of the accused beyond a reasonable doubt, and that, this being a civil suit, it was not necessary that the evidence should come up to that full measure of proof that would be required in a criminal case, or if the defendant were on trial on an indictment for the crime of burning the building, when it would be necessary to make the case out beyond a reasonable doubt ; that in this case a lower amount or less measure of evidence was sufficient to warrant. a verdict of guilty, and yet more or stronger evidence was necessary than would be required in an ordinary civil suit for debt, or a common trespass where the defendant might be liable, and yet the act complained of not be of such a character as to amount to a crime, or involve moral turpitude,—that is, enough more to overcome ·the presumption of innocence ; that it was for the jury, taking into consideration this presumption of innocence, to look at all the proof in the case, and if, under the circumstances, they were satisfied from the evidence that the defendant was guilty, such should be their verdict, otherwise their verdict should be for the defendant.

To the portion of the charge above detailed, the plaintiff excepted.

The jury rendered a verdict for the defendant.

*Wing, Lund & Taylor* and *J. A. Vail*, for the plaintiff.

*Heaton & Reed* and *Dillingham & Durant*, for the defendant.

POLAND, CH. J. The plaintiff claims that the court below instructed the jury substantially, that he was not entitled to recover, even if he satisfied the jury by a fair balance or preponderance of the testimony that the defendant burned his barn ; that the court undertook to lay down a middle rule between that of criminal cases, where the evidence must exclude all reasonable doubt, and of ordinary civil cases, where a fair balance suffices. If this be the fair construction of what the judge told the jury, we think it was error, for the law does not recognize such intermediate rule of evidence.

But we do not so understand the instructions excepted to, but only this, that the plaintiff in order to establish his right to a recovery against the defendant, upon his own theory of the defendant's liability, assumed to prove that the defendant had been guilty of the crime of arson, a highly penal offence ; that in so doing the plaintiff assumed the burden of proving a fact, where the legal presumption was against him, that the fact did not exist, and that therefore the plaintiff must not only overcome the evidence of the defendant, by a fair balance in his favor, but also overcome this legal presumption in favor of the defendant, and against himself; that in such case not only no presumption or intendment could be made in favor of the existence of what the plaintiff attempted to prove, but the legal presumption was the other way, and therefore the fact must be found only when clearly established by the proof.

Regarding the charge as we do, we think it unobjectionable.

In ordinary civil cases, there is no legal presumption either way ; there is nothing criminal or illegal alleged against either party ; and the disputed issue is required to be established by the party upon whom the burden of proof lies, only by a fair balance of the evidence.

In many cases, sounding in tort, the defendant may be legally liable, and still be involved in no intentional wrong, and no moral turpitude, and here the plaintiff encounters no legal presumption against himself in the proof.

But the legal presumption is that men are not guilty of fraud and dishonesty, and more strongly, that they do not commit criminal offences. This presumption exists no more, when a man is on trial for a criminal offence, than at any other time, or on the trial of a civil case, when an attempt is made to show that a person has committed a crime. It exists at all times, and everywhere, and is a presumption the law ever makes. Hence every man, however charged with dishonesty or fraud, or a criminal act, is always entitled to have this presumption of the law weighed in his favor, and whoever asserts the contrary, must always encounter it, and be required to overcome it by evidence,

Bradish *v.* Bliss.

This subject was much considered by the court in the case of *Briggs* v. *Cooper*, argued at the general term in 1861, and since decided. That was an action of slander, and the defendant set up in justification that the words were true, and that the plaintiff was guilty of the crime he had charged him with. The question arose on the trial, by what measure of evidence such justification must be established, whether by the rule of civil or criminal cases. The county court held, that the rule was the same as if the plaintiff was on trial for the offence alleged. On exceptions by the defendant, this court reversed the judgment, holding that the rule was that of civil issues, and that the presumption of the innocence of the plaintiff was a matter to be weighed in his favor, and to be overcome by the defendant's evidence. It was considered, that there was no difference between a justification in slander, and any other civil case, where the plaintiff's cause of action, or the defendant's ground of defence, was to be supported by proving that the other party had committed a crime, and that the stricter rule applied to criminal trials was on account of the penal consequences of a conviction.

The reasons for that judgment will doubtless be reported by the judge selected to pronounce the opinion of the court, and I will not go more fully into them.

Judgment affirmed.