Consult Huchberger v. Merchants' Fire Ins. Co. [Case No. 6,822], and notes thereto.

---

## Case No. 6,822.

### HUCHBERGER et al. v. MERCHANTS' FIRE INS. CO.

[4 Biss. 265.] [1]

Circuit Court, N. D. Illinois. Oct., 1868. [2]

FIRE INSURANCE—FRAUD—BURDEN OF PROOF.

1. If the insured has intentionally endeavored to make out his loss larger than it was, he cannot recover his actual loss; otherwise, if he make out the loss from his best recollection, without intention to deceive.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]
[2] [Affirmed in 12 Wall. (79 U. S.) 164.]

2. The defense of incendiarism, fraud, or negligence must be made out by a preponderance of proof. Such proof may, however, be circumstantial, if sufficient and convincing.
[Cited in Hawloetz v. Kass, 25 Fed. 767.]
[Cited in Hills v. Goodyear, 4 Lea, 244; Kane v. Hibernia Ins. Co., 39 N. J. Law, 705.]

3. Credibility of witnesses is the province of the jury alone—tests of evidence stated.
[Cited in Sibley v. St. Paul, F. & M. Ins. Co., Case No. 12,830.]
[Cited in Clevenger v. Curry, 81 Ill. 434.]

This was a suit to recover on one of several policies of insurance to the amount of four thousand six hundred dollars on a stock of goods owned by the plaintiffs [Lehman Huchberger and others] in the store No. 173 Lake street, Chicago, which was destroyed by fire on the 2d of March, 1867. No question was made that the fire occurred, and that the plaintiffs complied with the stipulations of the policy, and furnished in proper season proof of loss. Two defenses were interposed to the action: First, that the plaintiffs set fire to their own store, or acted with such gross negligence as to vacate the policy; and, secondly, that they furnished a false and fraudulent account of the kind and value of the goods destroyed.

F. A. Hoffman and E. A. Storrs, for plaintiffs.

O. B. Sansum, Robert Hervey, and Thomas Hoyne, for defendant.

DAVIS, Circuit Justice, after stating the facts, charged the jury as follows:

If either of these defenses are true, of course the plaintiffs cannot recover. Whether they are true or not, it is your province to decide. The solution of these questions depends solely on the conviction produced in your mind by the facts given in evidence. The law applicable to the case is very simple, and will give you no trouble. It suggests itself to the common mind. The insurance company did not agree to pay if the parties purposely destroyed their own property, or if by their own negligence it was burned up; nor can the plaintiffs recover if they intentionally endeavored to make out their loss larger than it was, although the jury may believe they did suffer a serious damage. If they come into court with unclean hands, the law will not help them to get the value of the goods really destroyed. But if the plaintiffs made the estimate from their best recollection, not having their books before them, and not having an intention to deceive, they can recover. While the law allows indulgence for mistakes honestly committed, it does not relieve if there be a purpose to commit a fraud.

The first thing to be observed is that the nature of the defense is such as to throw the burden of proof onto the defendant. There is no question that the plaintiffs are entitled to recover unless one or the other of the defenses is proved, and of this the jury must

be satisfied by a preponderance of evidence. If the evidence is evenly balanced in their minds, or, in other words, if they are in doubt as to what is the truth of the case, they will find for the plaintiffs. There is no positive proof that either of the defenses is true. The proof is circumstantial. If there is enough of this kind of evidence, it is often times as convincing to the mind as positive proof; and, notwithstanding the character of the defenses, if you are convinced from the evidence that one or both are established, there should be no hesitation in finding for the defendant. But as this finding necessarily stamps the plaintiffs as dishonest men, you should not be swift to come to such a conclusion. The case itself requires the application of your best judgments and the highest power of discrimination.

The credibility of witnesses is for the jury. The court cannot instruct you who to believe and who to disbelieve. There is no artificial rule of belief to control the minds of a jury. Some witnesses by their appearance on the stand impress the jury that they are impartial between the parties and tell the truth. Other witnesses who testify show such bias and tell their story in such a way that the mind hesitates to place implicit reliance on what they say. To such witnesses you should apply the best of your common sense:—how did they bear themselves on the stand? Was the evidence favorable? Was it consistent with ordinary human conduct? Did they stand the test of cross-examination? Have they been successfully contradicted or impeached? Have they shown malice? These are matters proper to be considered in examining the value of the testimony on which the case turns. The respective counsel have given you their views elaborately, and it is your province to settle the controversy.

I do not think it necessary to examine the evidence at length. The issues are definitely made, and easily understood. It is your duty to apply the evidence to them, in order to their correct determination. You had better take up one of these issues at a time. Was the fire the result of accident or design? The defendant's counsel urged that if the plaintiffs did not set fire to the store, there was gross negligence on their part which contributed to the accident; even the witness who seeks to prove this part of the case, by his testimony seems to so place it that the question of negligence disappears in the crime of arson. Therefore the point to consider is, Was this fire caused by the plaintiffs or their agents? The main witness on this subject is one Stark. Apply the tests I have given you to this witness in order to determine whether he is worthy of credit. Is his story probable? Is it consistent with the conduct of men of ordinary intelligence? Did he come out of the cross-examination as a man that impresses you with the conviction that he was telling the truth? Has he been successfully contradicted? Test his credibility by these rules. If you believe him, there is an end of the case, for he swears to enough to convict Huchberger of arson. But if he does not convince you, then the second defense made in the action is to be considered, that is, that the plaintiffs rendered a false account of the loss they sustained by the fire. The consideration of this question involves a review of the main part of the evidence which has occupied for so long a time the attention of the court and jury. If, after carefully viewing all the evidence on this subject, you are satisfied that the plaintiffs intended to commit a fraud on the insurance company, you will find for the defendant. If, on the contrary, the evidence satisfies you the account was true, you will find for the plaintiffs; or, if the evidence satisfies you that the account of loss was not true, but mistakenly rendered, without fraud or the intent to defraud, you will find for the loss actually sustained. If you come to the latter conclusion, that there was no intentional wrong, but that the loss was actually less than the plaintiffs say, you will find accordingly. The risk in this case is two thousand five hundred dollars.

NOTE. Willful or negligent conduct on the part of the insured, by which salvage is lost, might discharge the underwriter, as fraud certainly would. Dunham v. New England, &c. Ins. Co. [Case No. 4,152]. In an action on an open policy of insurance, a discrepancy between the value of the goods destroyed, as sworn to by the insured, and the value as proved on the trial, is not necessarily evidence of fraud against the company on the part of the insured. Beck v. Germania Ins. Co., 23 La. Ann. 510.

[This case was affirmed by the supreme court, with 10 per cent. damages in addition, in an opinion by Mr. Chief Justice Chase, who said the writ of error taken by the defendant was manifestly for delay. 12 Wall. (79 U. S.) 164.

[See, also, Cases Nos. 6,821 and 6,823.]