SCOTT (HILL v.). See Case No. 6,498.

## Case No. 12,533.
### SCOTT et al. v. HOME INS. CO.

[1 Dill. 105;[1] 2 Leg. Op. 27; 5 West. Jur. 499; 1 Ins. Law J. 750.]

Circuit Court, D. Missouri. April Term, 1870.

FIRE INSURANCE—EVIDENCE TO ESTABLISH FRAUDULENT BURNING.

1. In an action on a fire policy, where the defense is that the assured burned the property, the rule in civil, and not the one in criminal cases, as to the quantum of proof, applies; but in view of the nature of the charge, the evidence to establish it ought to be such as clearly to satisfy the jury of its truth.

[Cited in Continental Ins. Co. v. Jachnichen, 110 Ind. 64, 10 N. E. 639; Fowler v. Wallace, 131 Ind. 300, 31 N. E. 57. Cited in brief in Germania Fire Ins. Co. v. Klewer, 129 Ill. 602, 22 N. E. 489. Cited in Hills v. Goodyear, 4 Lea, 244; Welch v. Jugenheimer, 56 Iowa, 19, 8 N. W. 673. Criticised in Kane v. Hibernia Mut. Fire Ins. Co., 38 N. J. Law, 452.]

2. Confessions extorted from the plaintiff, or those not voluntarily made, should not be regarded by the jury.

Action on fire policy. Defense, that the plaintiffs burned their own property, covered by the policy. Similar actions had been brought by the plaintiffs on other policies. By consent, certain special issues were submitted to the jury, and their answers were to be taken as applicable to all the cases. It was made a question on the trial as to the degree, or quantum of proof requisite to establish the charge that the assured had

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

themselves burned the property. Certain confessions of one of the plaintiffs were given in evidence, without objection at the time, that they were not voluntary, but it was claimed by the plaintiffs that these confessions should be disregarded by the jury, because they were not voluntary, and made when they were under arrest on a criminal charge of arson. On these two points the court charged the jury.

Mr. Knox, for plaintiffs.
Sharp & Broadhead, for defendants.

Before DILLON, Circuit Judge, and TREAT and KREKEL, District Judges.

DILLON, Circuit Judge (charging jury). The questions of fact specially submitted to you, require at the hands of the court a statement of the rules of law applicable to the decision of such questions. The second interrogatory requires you to find "whether the plaintiffs, or either of them, caused, procured, planned, or instigated the burning, or whether either one of them set fire to the building, consented to, or connived at the burning?" The charge of willful burning is made by defendants, and must be proved by them.

In the trial of ordinary civil suits, like the present, the jury determine the issues upon what is called the weight or preponderance of evidence. If the evidence preponderates in favor of the plaintiff, he is entitled to a verdict, though the evidence may not be so strong as to exclude all reasonable doubt. So if the balance is in favor of the defendant, the finding should be for him, although the jury are not convinced beyond all possible, or even beyond all reasonable question. This is the ordinary rule in civil actions. In criminal cases, where the United States or the government is plaintiff, the rule is different, and no mere weight of evidence is adequate to warrant a verdict of guilty unless it be sufficient to exclude all reasonable doubt.

One of the issues submitted requires you to find whether the plaintiffs set fire, or caused fire to be set, to the insured property; and it becomes the duty of the court to instruct you respecting the degree of proof essential to enable you to find that issue against the plaintiffs, and in favor of the insurance company.

1. The court instructs you that it is not necessary that the degree of proof should be the same as if the plaintiffs were on trial under an indictment for willfully burning the property to defraud the insurance companies. On the contrary, as between the rule in criminal and the rule in civil cases, as above defined, it is the rule in civil cases that is to be your guide in this case. But the charge is a grave one. The act charged is one which men in general will not commit, but of which men are sometimes guilty; in view of which, the court instructs you that in order to justify you in finding that the plaintiffs them-

selves burned, or caused the property to be burned, the legal evidence taken altogether, must be such as clearly satisfies you of the truth of the proposition. It need not be such as to exclude all doubt, but it should be such as to satisfy your minds and judgment that they did, or caused or procured the act in question to be done. On this point the decided cases are conflicting, but the foregoing seems to the court to express the sound and true rule of law on the subject.

2. As to the question whether any or what weight should be given by you to the confessions in evidence, the court instructs you, that any confessions extorted from either of the plaintiffs, are to be entirely disregarded. It is a free and voluntary confession only that should be considered by you. It should be observed, however, that in a case like the present, confessions made from hope of personal benefit, unaccompanied by apprehensions of danger or duress, and not obtained by promises, are competent evidence, and should be weighed by you with a view of ascertaining the exact truth.

In your deliberations you will bear in mind the distinction between the evidence outside of the confessions, and the confessions themselves. Though you should arrive at the conclusion to disregard all confessions, yet if evidence outside of the confessions satisfies your mind of the truth of any matter in issue, you will find accordingly. You are the exclusive judges of the weight of evidence. You may regard or disregard portions, or all of the testimony given by any witness, attribute little or great weight to the whole, or such portions as you may regard; in fine, deal in your deliberations with the testimony as you may deem proper, always bearing in mind, however, the object,—arriving at the truth of the matters submitted to you.

Verdict for defendants.