## J. B. HILLS et al. *v.* D. F. GOODYEAR.

1. EVIDENCE. *Preponderance.* As a general rule, a mere preponderance of evidence, however slight, must prevail in civil cases.

2. SAME. *Same. Libel. Slander.* An exception to this rule has been made in actions for libel or slander, where the defendant relies in justification on the truth of the defamatory charge.

3. SAME. *Same. Presumption of law.* In other civil cases involving issues charging or implying crime, the general rule of the preponderance of evidence prevails, but the presumption of law in favor of innocence, and evidence of good character, if produced, must be taken into consideration by the jury in ascertaining on which side the preponderance exists.

4. SAME. *Same.* It is not the preponderance of evidence in relation to particular facts in the cause, but the preponderance of the entire evidence on the issues joined, weighed in connection with the presumptions of law in favor of innocence, which should prevail in such a case.

5. SAME. *Same. Charge of Court.* The charge in this case, although not accurately defining the proper rule, held not to be so erroneous as to require reversal, under the circumstances disclosed by the record.

---

### FROM SHELBY.

---

Appeal in error from the Circuit Court of Shelby County. C. W. HEISKELL, J.

HUMES & POSTON for Hills.

J. R. & W. S. FLIPPIN and R. D. JORDAN for Goodyear.

COOPER, J., delivered the opinion of the Court.

In December, 1871, Hills bought the interest of Goodyear in their partnership business, agreeing to assume and pay the partnership debts, and giving Goodyear a bond, with sureties, to indemnify him against them.

This suit was brought by Goodyear on the bond against Hills and his sureties, to recover the amount of a note, alleged to be a partnership note, which he had been compelled to pay. Issues were joined on the pleas of covenants performed, set-off by account for money had and received, and that the note was not covered, nor intended to be covered by the bond of indemnity.

The plaintiff recovered judgment, and the defendant appealed in error.

The bill of exceptions says that the plaintiff offered evidence tending to show that after his sale he was compelled to pay, and did pay, a note of the firm, dated April 12, 1871, for $250, which is set out in the record.

The defendant then offered evidence tending to show that the note was the individual note of the plaintiff, not of the firm; that the money received on it was handed to the book-keeper of the firm without explanation, placed to the credit of the plaintiff, and used in paying a note of the firm in bank; that the plaintiff drew out cash at various times, amounting to $143, against his individual credit; that, although the note shown in evidence

was signed in the firm name, it was not the note given; that the plaintiff's own note was originally given, and the note exhibited made by plaintiff, just before the bringing of the suit, for the purpose of being used in the suit, and never delivered to the payee; that plaintiff, in November, 1871, collected certain specified accounts due the firm, and never paid the money into the firm nor reported collections, and that, at the date of the sale, the books showed the claims uncollected.

The plaintiff, in rebuttal, offered evidence tending to prove that he did not draw out cash against the credit of $250; that the note was originally the firm note, not his note; that he notified defendant that it was outstanding before the sale; that he promptly, on December 5th, 1871, entered on the books a part of his alleged collections, paid over the residue to the firm, and gave the book-keeper a memorandum thereof to be entered on the books.

The defendant then offered evidence that, although there was an entry on the books under the date of December 5th, 1871, in the plaintiff's handwriting, it was made after the purchase, and was fraudulently altered to the other date.

The plaintiff then offered evidence of his good reputation for honesty, integrity and veracity, which was admitted upon the defendant's attorney stating that his client intended to insist that the note in controversy was forged by the plaintiff; that the plaintiff fraudulently withheld moneys collected by him, and made false entries on the books.

The bill of exceptions says that the charge of the Judge is not set out, as it was believed to be correct, except the following charge, excepted to at the time, which was the only charge on the particular point: "That inasmuch as the facts set up as a defense involved serious charges of moral dereliction against the plaintiff, they must be established clearly, and to the entire satisfaction of the jury."

The defendant requested the Judge to charge as follows, which he refused to do: "A preponderance of the evidence, however slight, is sufficient for the jury to find any fact involved in this cause, although the finding of such fact may establish the grossest misconduct, or even criminal misconduct, upon the part of the plaintiff."

The only errors relied on for reversal are assigned upon the charge made and the charge refused.

The distinction between civil and criminal cases in respect to the degree or quantity of evidence required to justify the finding of the jury is well settled. In criminal trials, the minds of the jury, in favor of life and liberty, must be convinced beyond a reasonable doubt: 2 Greenl. Ev., sec. 29. In civil cases, the duty of the jury is to weigh the evidence carefully, and to find for the party in whose favor it preponderates, although their minds be not satisfied beyond a reasonable doubt. As a general rule, a mere preponderance of evidence, however slight, must necessarily turn the scale:

*Chapman* v. *McAdams,* 1 Lea, 500; *Knowles* v. *Scribner,* 57 Me., 497; *Gordon* v. *Parmelee,* 15 Gray, 413; 2 Whart. Ev., sec. 1246, note. 1.

At an early day, one exception to this rule was recognized, which is yet sustained by the weight of authority. If, in an action for libel or slander, the defendant rely in justification upon the truth of the defamatory charge, he is held to prove it beyond a reasonable doubt: *Chalmers* v. *Shackell,* 6 C. & P., 478; *Woodbeck* v. *Keller,* 6 Cow., 118; 2 Greenl. Ev., sec. 426.

Following the exception, it has been held in this State that a plea justifying a charge of perjury must be sustained by two witnessess, **or** one witness with strong corroborating circumstances: *Coulter* v. *Stuart,* 2 Yer., 225. It has also been held that a plea of justification not sustained is adding aggravation to injury: *Wilson* v. *Nations,* 5 Yer., 211. The logical result would be that proof tending to prove the truth of the charge, but falling short of establishing it, ought to be inadmissible. Yet, after a struggle, both in England and in the majority of the States of the Union, it has been settled that facts and circumstances tending to prove, but not proving the truth of a charge, may be received in mitigation, even where there is a plea of justification: *West* v. *Walker,* 2 Swan, 32; 2 Greenl. Ev., sec. 425. Some of the State Courts, "with less justice though better logic," have held otherwise: *Bush* v. *Prosser,* 11 N. Y., 347; *Knight* v. *Foster,* 39 N. H., 576. The reason for the ex-

ception from the general rule has been well stated by Depue, J., in a recent opinion of the Court of Errors and Appeals of New Jersey: "In putting his justification on the ground of the plaintiff's guilt of the accusation, the defendant undertakes to prove the plaintiff's guilt, which comprises not only the doing of the act, but also the intent which the law denounces as criminal:" *Kane* v. *Hibernia Ins. Co.*, 17 Am. Law Reg., 294. Four of the Judges of that Court reserved the point, which was not then actually. before the Court, whether there ought to be any exception from the general rule in this class of cases. And the mere preponderance rule was applied to such a case in *Ellis* v. *Buzzell*, 60 Maine, 209.

The tendency of modern decisions is to do away with any exception to the rule. A striking instance is found in the analogous cases of suits upon fire policies, where the defense is that the property insured was wilfully burned by the plaintiff himself. There is an early English decision to the effect that the crime, in such a case, should be so fully proved as to warrant a finding of a verdict of guilty upon an indictment: *Thurtell* v. *Beaumont*, 1 Bing., 339. It appears, however, from the cases cited in the note to 2 Whart. Ev., sec. 1246, and a discriminating collation of the authorities in 17 Am. Law Reg., 302, that only two States, Illinois and Florida, have followed this decision, while it has been repudiated, and the rule of a mere preponderance of evidence applied to

such cases, in the States of Vermont, Massachusetts, Kentucky, Missouri, Louisiana, and Wisconsin, and in the Courts of the United States in the sixth and seventh circuits. And in *Kane* v. *Hibernia Ins. Co., ut supra,* the highest Court of New Jersey, by the unanimous vote of the eleven Judges sitting, adopted the latter view, the learned Judge who delivered the opinion, undertaking to show that the original decision, making this class of cases an exception to the general rule of the preponderance of evidence, has been ignored of late years in England. The exception is still laid down as law in 2 Greenl. Ev., sec. 408, although the only American authority cited is to the contrary (*Hoffman* v. *Western Ins. Co.,* 1 La. Ann., 216), and is approved in 1 Taylor on Ev., 97*a*. It is dissented from by Mr. Wharton, *ut supra,* and by Mr. May in an article in 10 Am. Law Rev., 642.

The general rule has been adhered to in other cases involving issues charging or implying crime. In an action on a promissory note, it has been held that the defense that the note was obtained by false and fraudulent representations might be sustained by a preponderance of evidence, as in other civil cases, although the defense was based on a charge of fraudulent representations such as might be the subject of a criminal prosecution: *Gordon* v. *Parmelee,* 15 Gray, 413. So, where the action was in trespass for burning the plaintiff's building, and the evidence showed that the defendant, if guilty of trespass, had set fire to the

building designedly, and was guilty of the crime of arson, the Court held that the issue might be determined by the fair preponderance of evidence: *Bradish* v. *Bliss*, 35 Vt., 326. So, where the action was on a statute which gave the right to recover the treble value of property feloniously taken: *Munson* v. *Atwood*, 30 Conn., 102. So, in trover, where the evidence was such as to involve a charge of larceny: *Bissel* v. *Wert*, 35 Ind., 54. So, in a bastardy case: *Knowles* v. *Scribner*, 57 Me., 497.

It does not follow, however, that a party who is charged in a civil case with crime or moral dereliction, may not have the benefit of good character and the presumptions of law in favor of innocence. Evidence of good character is admitted in criminal prosecutions because the intent with which the act, charged as a crime was done, is of the essence of the issue, and the prevailing character of the defendant's mind, as evidenced by his previous habits of life, is a material element in discovering that intent. Upon the same principle, the like evidence ought to be admitted in all other cases, whatever be the form of proceeding, when the intent, to be found as a fact, is involved in the issue: 1 Greenl. Ev., sec. 54, note; *Ruan* v. *Perry*, 3 Caines, 120; *Fowler* v. *Ætna Ins. Co.*, 6 Cow., 675; *Townsend* v. *Graves* 3 Paige, 455; Our decisions are in accord: *Scott* v. *Fletcher*, 1 Tenn., 488; *Henry* v. *Brown*, 2 Heis., 213, *Spears* v. *International Ins. Co.*, 1 Bax., 370.

Hills *v.* Goodyear.

The admission of evidence of character is not assigned as error in the case now before us.

The law in all cases, civil or criminal, presumes innocence. Obviously, therefore, to create a preponderance of evidence in a civil case, where crime is imputed to one party, the other party assumes the burden of not only overcoming the evidence of his opponent, by a preponderance, but of overcoming also the presumption of law in favor of the innocence of his adversary. In other words, there is no preponderance on the side of the charge of guilt, unless the evidence is sufficient to overbalance the opposing presumption as well as the opposing evidence, including evidence of character: *Knowles* v. *Scribner*, 57 Me., 497; *Ellis* v. *Buzzell*, 60 Me., 209, *Bradish* v. *Bliss*, 35 Vt., 326. The difficulty has been in so wording a charge as to give the party implicated the benefit of the law without breaking down the distinction between civil and criminal cases, there being clearly no intermediate rule between the general rule in the one class and the general rule in the other: *Bradish* v. *Bliss*, 35 Vt., 326. The difficulty will be found illustrated in the cases just cited, and in *Rothschild* v. *Ins. Co.*, 62 Mo., 356, and *Thayer* v. *Boyle*, 30 Me., 475. The result has been to construe charges liberally, leaving a margin for the exercise of judicial discretion in the particular case. Strictly speaking, the application of the general rule by which the jury is guided in finding a verdict is

not affected by the fact that evidence of character has been properly introduced, or a case made for the operation of the rule of legal presumption in favor of innocence. A mere preponderance, however slight, will still suffice to turn the scale, but to sustain a finding of crime, it must be a preponderance sufficient to outweigh the opposing evidence, including evidence of good character, if any, and the presumption in favor of innocence. The Court should instruct the jury upon the legal effect of the evidence of character or presumption of innocence, and it is the duty of the jury to weigh these elements, in connection with the other proof, in arriving at a conclusion on which side the preponderance exists.

If, therefore, upon the idea that the Judge, in the case before us, was bringing the criminal rule of evidence into a civil case, the defendant had presented a request embodying a correct exposition of the true rule, he would have been clearly entitled to it. He had, by the course he chose to pursue, made crime, involving a felonious intent, an element of defense, although not necessarily embraced in his pleading, nor, perhaps, essential to, his defense. The plaintiff became, thereby, entitled to the benefit of his character, if good, and to the presumption in favor of innocence.

The defendant was not, therefore, entitled to the charge as embodied in his request. It would have been, in the form in which it was presented, under the facts of the case, altogether misleading. It

was not the mere preponderance of the testimony on any fact involved in the cause which must decide, but the preponderance of the entire evidence on the issue joined, including that relating to character, and taking into consideration the presumption of innocence. The "preponderance of testimony," moreover, means "the weight, credit and value of the aggregate evidence on either side," upon the issues joined, not upon particular facts: *Coles* v. *Wrecker*, 2 Tenn. Leg. Rep., 14.

The only doubt is as to the correctness of the charge given. If his Honor had called the attention of the jury to the testimony touching character, and the presumption in favor of innocence, and had then said to them that the charges must be "established clearly and to the entire satisfaction of the jury," the language would, perhaps, be subject to the criticism that it approximated too nearly to the rule as usually announced in criminal cases. But the bill of exceptions tells us that the charge made was all that was said on the subject. In that view, the question is whether the language was intended to lay down a wrong rule, or merely states, in a general way, what was equivalent, under the circumstances, to the general rule.

It is conceded not to be error for a Judge to call the attention of the jury to the gravity of the charge made in such a defense as was relied on in this case, and to put the presumption of innocence in the scales as an element to weigh in favor of the plaintiff, "if the evidence was not

entirely satisfactory:" *Kane* v. *Hibernia Ins. Co..*
*ut supra; Scott* v. *Ins. Co.,* 1 Dill., 105; *Huchberger*
v. *Ins. Co.,* 4 Biss., 265.

The charge in this case may be fairly construed
to mean, that, in view of the serious charges of
moral dereliction, they must be established clearly,
and to the entire satisfaction of the jury, other-
wise the presumption of innocence and proof of
good character should prevail. Undoubtedly the
litigant is entitled, upon request, to have the jury
instructed that the rule with respect to the quan-
tum of proof in a criminal case is not to be ap-
plied in a civil case, although the issue and the
proof involve a charge of crime. But if the ask
for no such charge, and the charge made does not
amount to the criminal rule, he has no right to
complain.

We cannot say in this particular case that the
charge is so erroneous as to require a reversal of
the judgment. It will therefore be affirmed.