## HAWLOETZ *v.* KASS.

*(Circuit Court, S. D. New York.  November 12, 1885.)*

PENALTIES AND FORFEITURES — REV. ST. § 4901 — ACTION TO RECOVER PENALTY — PROOF BEYOND A REASONABLE DOUBT.

In an action to recover the penalty prescribed by Rev. St. § 4901, for printing the word "patented" on an article not patented, proof beyond a reasonable doubt is not required, but it is sufficient if the jury are reasonably satisfied upon the evidence as to all the material facts.

Appeal from District Court.

*Louis C. Raegner,* for plaintiff in error.

*Antonio Knauth,* for defendant in error.

WALLACE, J.  Upon the trial of this action in the district court a verdict was rendered for the plaintiff, and the defendant has brought this writ of error to review the judgment entered upon the verdict. The action was brought under the provisions of section 4901 of the Revised Statutes, to recover penalties for marking unpatented articles as patented, with intent to deceive the public.  By the statute, one-half the sum recovered is given to any person who may sue for the same, and one-half goes to the United States.  Upon the trial the judge instructed the jury, in substance, that they were to be reasonably satisfied upon the evidence as to the material facts upon which the plaintiff's right to recover depended; that is, whether the article was stamped as patented by the defendant, or by his employes under his directions; whether the article was unpatented; and whether it was stamped as patented by the defendant with intent to deceive the public.  They were also instructed that the plaintiff could not recover, although the article stamped was not patented, if the defendant honestly believed that it was patented under a certain patent owned by him.  They were further instructed that the defendant's patent did not embrace the article stamped.  The defendant requested the judge to instruct the jury that the plaintiff was required to prove his case with the same particularity and exactness as on the trial of an indictment.  The court declined to give this instruction. The defendant excepted to the court's refusal to instruct the jury as requested, and also to the instruction that the article in controversy was not covered by the defendant's patent.  He now assigns this refusal to instruct and the instructions given as error.

As to the instruction in reference to the defendant's patent, it was clearly the duty of the trial judge to construe the patent, and determine its scope and effect.  There was not the slightest room for

doubt, upon the evidence, that the patent did not cover articles such as it was alleged had been stamped as patented by the defendant. There was no question of fact, upon this point, which could have been properly submitted to the jury.

The instruction asked for in reference to the exactness and particularity of proof required, upon the trial of such an action, called for the statement of a mere abstract proposition, and if it had been given by the judge would not have enlightened the jury, without a further explanation respecting its practical application to the case in hand. Assuming, however, as has been assumed by counsel on the argument, that the request and refusal was in effect a refusal to charge the jury that the plaintiff's evidence must prove his case beyond a reasonable doubt, it should be held that the instruction was properly refused. The question whether, in a civil action brought to recover a penalty, the case must be proved against the defendant, as in criminal cases, beyond a reasonable doubt, has seldom been decided, and is one upon which the authorities disagree. In the case of *White* v. *Comstock*, 6 Vt. 405, it is held that such strict proof was not required, and that it was sufficient if the jury were reasonably satisfied upon the evidence. In *Hitchcock* v. *Munger*, 15 N. H. 97, the contrary was held. In each of these cases the action was brought to recover penalties for taking usurious interest under a statute authorizing a recovery in treble the amount exacted. Both of the decisions were by courts of last resort.

The question does not seem to have been determined or considered by the federal courts except at *nisi prius*. In *Nicole* v. *Newell*, 1 Fisher, 647, SPRAGUE, J., in charging the jury, instructed them in a case like the present that the plaintiff must prove his case beyond a reasonable doubt. On the other hand, in suits for forfeiture tried in this circuit, the jury have been instructed, as they were in the present case, that it is incumbent upon the plaintiff to establish his cause of action by the evidence to their reasonable satisfaction. In *Lilienthal's Tobacco* v. *U. S.*, a case tried in this court and taken by writ of error to the supreme court,—a forfeiture case in which the defendant was charged with acts in fraud of the revenue,—the instruction was that the government must show to the satisfaction of the jury that such intent to commit a fraud upon the law existed. See 97 U. S. 257. In the supreme court in that case the suggestion was considered whether the court below erred in not instructing the jury that they could not find that the property was forfeited unless the matters charged were proved beyond a reasonable doubt. Mr. Justice CLIFFORD, who delivered the opinion, stated that the question was not properly raised by the exception or assignment of errors, but intimated quite plainly that there was no merit in the point. Page 271.

The case of *Chaffee* v. *U. S.*, 18 Wall. 516, is sometimes cited by the text writers as an authority that in an action brought by the

government to recover a penalty, the burden rests upon the government to make out its case beyond a reasonable doubt. Whart. Ev. § 371. The syllabus in the report of that case is to this effect; but an examination of the opinion shows that no such point was considered by the court. The only point decided was that the instructions in the court below were erroneous, because they were in substance "that the government need only prove that the defendants were presumptively guilty, and the duty thereupon devolved upon them to establish their innocence, and if they did not they were guilty beyond a reasonable doubt." Commenting upon the instructions given, Mr. Justice FIELD said:

"The instruction sets. at naught established principles, and justifies the criticism of counsel that it substantially withdrew from the defendants their constitutional right of trial by jury, and converted what at law was intended for their protection,—the right to refuse to testify,—into the machinery for their sure destruction."

Upon principle it is not apparent why the rules of criminal evidence should be imported into the trial of actions of debt for penalties, any more than in any other civil actions in which an issue of criminal conduct, such as arson, forgery, perjury, adultery, etc., may be involved. The decisions in this class of cases are collated in Abb. Tr. Ev. 495, (note,) and the author states that the rule followed by the greater number of American authorities is that proof beyond a reasonable doubt, such as is required in criminal cases, is not necessary. In the federal courts it has been held that the rule in civil and not the one in criminal cases, as to the quantum of proof, applies. *Scott* v. *Home Ins. Co.,* 1 Dill. 105; *Huchberger* v. *Merchants' Ins. Co.,* 4 Biss. 265.

In many actions for penalties the issue does not involve an act of any appreciable degree of moral turpitude on the part of the defendant. Many statutes create penalties for acts of mere neglect, in which the knowledge or intention of the offender is not an ingredient. The public welfare may require a rigorous enforcement of some statutes of this kind, but the transgressor is not a criminal, and it seems absurd, when he is charged in a civil suit with their infraction, to regard him as such, and try him by the rules of criminal evidence. If one rule of criminal evidence is to apply, all should apply. If a jury are only to find a verdict upon a case proved beyond a rational doubt, then the defendant should be permitted to throw his character into the scale of conflicting probabilities, and prove general good character to rebut circumstantial evidence of guilt. Yet it is well settled that evidence of general good character is not admissible in civil actions, where the party offering it is charged with fraud, or tort, or criminal conduct, but is only admissible in a direct prosecution for a crime. *U. S.* v. *Wood,* 13 Blatchf. 252. It is more consonant with good sense to hold that in suits for penalties, as in all other civil actions, the effect of the evidence should be considered with reference to the character of the act with which the defendant is charged; that

the gravity of the charge and the legal presumption of innocence be considered together; and that in analogy to the rule now more generally sanctioned in civil actions, where an act of grave misconduct is imputed to a party, it should be deemed enough that the jury are reasonably satisfied upon the evidence as to all material facts. Such was in substance the instruction in the court below.

The judgment of the district court is affirmed.