GRAIN DISTILLERY NO. 8 OF EASTERN DISTILLERY CO. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit.   February 17, 1913.)

No. 1,127.

INTERNAL REVENUE (§ 46*)— PROCEEDING FOR FORFEITURE FOR VIOLATION OF LAW BY DISTILLER—MEASURE OF PROOF.

In a proceeding in rem for the forfeiture of distillery property for violation of the internal revenue laws, the government is required to prove such violation by a preponderance of the evidence only.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 117–141; Dec. Dig. § 46.*]

In Error to the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Jr., Judge.

Information by the United States against Grain Distillery No. 8 of the Eastern Distillery Company.   From a judgment of forfeiture, claimant brings error.   Affirmed.

Thomas H. Willcox, of Norfolk, Va. (H. L. Lowry and Willcox, Cooke & Willcox, all of Norfolk, Va., on the brief), for plaintiff in error.

D. Lawrence Groner, U. S. Atty., of Norfolk, Va., and Robert H. Talley, of Richmond, Va., for the United States.

Before GOFF, Circuit Judge, and ROSE, District Judge.

GOFF, Circuit Judge.   The writ of error we are now to dispose of is prosecuted by the defendant below to a judgment rendered on the verdict of a jury, by which said defendant's property was condemned as forfeited to the United States.   The information alleged that such property had been duly seized by the collector of internal revenue, on the ground that the same had been forfeited for the reason that the defendant, being engaged in the business of a distiller, did unlawfully attempt to defraud the United States of the internal revenue tax on the spirits distilled by it; that it unlawfully engaged in carrying on the business of a distiller with intent to defraud the United States of the internal revenue tax on spirits, and did attempt to defraud the United States of said tax, in that it omitted to make true and exact entries of the quantities of grain and other materials used by it, as required by section 3303 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 2155).

To this information an answer was filed by the defendant, denying all the allegations of defrauding or attempting to defraud the United States as set forth in the information.   A trial by a jury was had, the verdict being:

"We, the jury, on the issue joined, find for the United States government."

On this verdict judgment of forfeiture was entered, and a writ of error granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The assignment of error relied on by the plaintiff in error relates to an instruction given to the jury by the court below, which was in these words:

"That the same degree of proof is not required in order to the finding of a verdict for the government in the present case as in the case of a criminal prosecution; that is to say, while the jury, in order to find for the government, must be satisfied from the evidence that the offense or offenses charged in the information has or have been committed as charged, they need not be so satisfied beyond a reasonable doubt. A preponderance of evidence is sufficient."

The contention of the plaintiff in error is that the proceeding in the court below was a criminal prosecution, and that consequently it was error to charge the jury that a preponderance of evidence was sufficient; that the rule in criminal cases requiring guilt to be proved beyond a reasonable doubt was applicable, and should have been given to the jury.

It may be conceded that some years ago there was a variance in the decisions of the courts relating to this matter, but all doubts concerning it were—so far as the courts of the United States are concerned—dissolved by the decision of the Supreme Court in Lilienthal's Tobacco v. United States, 97 U. S. 237, at pages 266, 267, 24 L. Ed. 901. We quote from that case:

"In criminal cases the true rule is that the burden of proof never shifts; that in all cases, before a conviction can be had, the jury must be satisfied from the evidence, beyond a reasonable doubt, of the affirmative of the issue presented in the accusation that the defendant is guilty in the manner and form as charged in the indictment. * * * In civil cases their duty is to weigh the evidence carefully, and to find for the party in whose favor it preponderates. * * * Authorities to show that the case before the court is a civil case are scarcely necessary, but if any be needed they are at hand. 1 Bishop, Cr. Law (6th Ed.) § 835; United States v. Three Tons of Coal, 6 Biss. 379 [Fed. Cas. No. 16,515]; Schmidt v. Insurance Company, 1 Gray (Mass.) 533; Knowles v. Scribner, 57 Me. 497."

In the case of Boxes of Opium v. United States (C. C.) 23 Fed. 395, which was an information in rem for the forfeiture of certain boxes of opium, alleged to have been smuggled into the port of San Francisco in violation of the customs law of the United States, it was insisted during the trial that the evidence necessary was the same as would be required in a criminal case, but in the disposition of the case the court held otherwise. Referring to the Lilienthal Tobacco Case, supra, Judge Sawyer said:

"I regard this case as giving the last expression of the views of the Supreme Court, and as controlling in this court in this case; also as adopting, in a civil case in form, by information against the goods to enforce a forfeiture, notwithstanding it is essentially criminal and intended to punish a crime, the ordinary rule that a mere preponderance of evidence should determine the finding of a court or the verdict of a jury. * * * For the purposes of this case, therefore, in accordance with what I conceive to be the authoritative rule laid down by the Supreme Court in its latest decisions, I shall apply the rule in ordinary civil cases, that a mere preponderance of evidence in favor of guilt must determine the controlling question of fact as to whether the opium was smuggled into San Francisco on the Tokio or not."

In the case of United States v. One Distillery (D. C.) 193 Fed. 720, Judge Boyd, when instructing the jury, said:

"The United States has alleged that Foster, or his agents, or his employés, no matter which, during the operation of this distillery by him, operated it, intending at the time of the operation to defraud the government of the United States of the tax upon the product of the distillery or a part of it. The government having made that allegation, the burden rests upon it to prove it, not beyond a reasonable doubt but by the weight of the testimony; that is, in order to return a verdict for the United States, the jury must have that quantum and character of testimony which by its preponderance satisfies their minds that the allegation is true."

We do not find it necessary to further consider cases bearing upon this question, but we will refer to some of them as illustrative of the principles involved: Hawloetz v. Kass (C. C.) 25 Fed. 765; U. S. v. Shapleigh, 54 Fed. 126, 4 C. C. A. 237; The Good Templar (D. C.) 97 Fed. 651; U. S. v. Brown, 24 Fed. Cas. 1248; Coffey **v.** United States, 116 U. S. 436, 6 Sup. Ct. 437, 29 L. Ed. 684.

The judgment complained of is without error.

Affirmed.