STATE v. JOHN O'GRADY.

GENERAL TERM, 1892.

*Charge of court. Omission of respondent to contradict testimony of State. Argumentativeness.*

1.  Under the circumstances of this case it was not error for the court, after telling the jury that the respondent was to be presumed innocent until proved guilty beyond a reasonable doubt, and that the respondent's omission to testify must not be taken against him, to further instruct them that they might consider the fact that the respondent had not offered evidence to contradict that of the State.

2.  The court does not commit legal error by exposing in its charge the fallacy of a respondent's claims, so long as it does not limit the fair scope of the testimony, nor withdraw it, or any proper legal view of it, from the consideration of the jury.

Information for keeping intoxicating liquor with intent to sell. Plea, not guilty. Trial by jury at the March term, Washington county, 1892, THOMPSON, J., presiding. Verdict, guilty. The respondent excepts.

The respondent excepted first, to the charge of the court in relation to the failure of the respondent to testify.

Second, to the review of the evidence by the court as argumentative and against the interest of the respondent.

The charge in the first respect complained of sufficiently appears in the opinion. That referred to by counsel for the respondent under the second exception was as follows:

"As tending to show there was intoxicating liquor kept there the State has introduced evidence tending to show that soon after the officers, or some one of them at least, entered the front room, this respondent passed into the second room. One of these officers testified that he heard a noise as of something falling. He has described the manner in which he found Mr. O'Grady near the dump, so called, as it rises in the second room back of the counter. He has testified that he smelled the fumes of whiskey coming from the dump. Now, if you find that he did in fact smell intoxicating liquor, then that establishes, or tends to establish, two facts: First, that he did actually smell an odor there present, that it had existence, and that that odor came from intoxicating liquors, and therefore it tends to show that intoxicating liquor had been present there.

"Now, to illustrate how this kind of testimony is acted upon in the ordinary experience of mankind, I will bring to your minds a very homely illustration, one which presents itself to me. You hear a commotion in your hen-house; you are aware by the disturbance that some animal is there; you hasten to the place; you do not see the animal, he has fled at your approach; but when you get in there you have the unmistakable odor of a skunk. There is the evidence of an odor, and that proves that that animal has been there at some time. It is on account of our being able to act upon such circumstances as these, arising in our ordinary human experience, with reasonable safety and a reasonable assumption of their truth, that the law has permitted this class of evidence to be used in criminal cases.

"If you are satisfied from the evidence of Mr. Cook that he smelled the fumes of intoxicating liquor there, you will say whether or not there was intoxicating liquor there in that dump. It does not make any difference whether the officer found any liquor so that he was able to lay his hand upon it. If you find there was intoxicating liquor there, that establishes that fact."

*Lord & Boynton* for the respondent.

The charge as to the respondent's failure to testify was erroneous. R. L. 1,655; *State* v. *Cameron*, 40 Vt. 555.

*Zed S. Stanton*, State's Attorney, for the State.

The opinion of the court was delivered by

ROSS, Ch. J. This is a prosecution for keeping intoxicating liquor with intent to dispose of the same unlawfully. The evidence to support it was partly circumstantial. It consisted largely of the testimony of three officers who searched the respondent's place of business. They found no intoxicating liquor. They found the respondent there alone, and upon the entry of the foremost officer, a dump beneath the bar was dropped. This officer testified to detecting fumes of whiskey arising from the dump. He immediately went down stairs to examine and ascertain what had been dumped. When arriving there he found ammonia had been poured into the dump, the fumes of which were so strong that he could not then examine it.

The state's testimony also tended to show that the respondent caused a stream of water to be turned into the dump. It does not appear that the other officers, who came in a little later, testified to detecting the fumes of whiskey. The greater part of the testimony for the State was in regard to facts and occurrences to which there were witnesses other than the respondent and the witnesses improved by the State. The respondent did not testify, nor did he call any witnesses in his behalf. The court instructed the jury that the respondent was presumed to be innocent until proved guilty beyond a reasonable doubt, properly explaining this measure of proof; that circumstantial evidence, if it convinced them by this measure of proof, warranted a conviction. The court then said: "The circumstances upon

which the State relies to establish this case arose from this search and attempted seizure made on or about the fifteenth of last month. The evidence of the State is uncontradicted by any evidence introduced on the part of the respondent. The respondent has not testified. The mere fact that he has not testified is not to be taken against him. You have no right to consider that fact, but you have a right to consider the fact that the evidence introduced by the State has not been contradicted only so far as it may be contradicted in and of itself." To this portion of the charge the respondent duly excepted. He now contends that it did not give him the full benefit of R. L. 1,655, allowing respondents at their own request, to testify, which provides, "but the refusal of such person to testify shall not be considered by the jury as evidence against him." The court pointedly told the jury they had no right to consider the fact of his neglect or refusal to testify against him. In coupling the right to consider the fact that the evidence introduced by the State had not been contradicted with this announcement, the court did not commit any legal error. If it impliedly told the jury that they might consider the fact that the respondent had not called other witnesses who were present to contradict the witnesses of the State, as bearing upon the credibility of the latter, this was only adapting its charge to the facts and circumstances of the case. The court should always adapt its charge to the facts and testimony of the case. We do not think the jury could thereby have obtained the impression that they could consider the fact that the respondent had not testified as any evidence against him. The charge on this subject was not as much open to criticism as was the charge in *State* v. *Cameron*, 40 Vt. 555, relied upon by the respondent, which was held to be without legal error.

The respondent also urges that the charge was argumentative, instancing that part of it which relates to the fumes of liquor, and especially the first illustration used by the court.

If open to this objection, no legal error in this portion of the charge is called to our attention. Doubtless the counsel of the respondent had urged upon the jury the unreliability of circumstantial evidence, and the danger attending a conviction upon it. The illustration doubtless brought forcibly to the attention of the jury that some kinds of circumstantial evidence might be convincing and reliable, and for that reason the charge might be characterized as argumentative, in that it met and answered the position taken and urged by respondent's counsel. Yet it was adapted to the circumstances which the evidence of the State tended to establish. It contained no legal error. How far and in what manner the court may meet, by its charge, the misleading arguments of counsel, must largely be governed by the circumstances and evidence of each case. If the charge does not deprive the excepting party of any legal right by limiting the fair scope of the testimony or withdrawing it, or any proper legal view and effect of it, from the consideration of the jury, it is not legal error. No legal error in this respect is pointed out or claimed. This disposes of the exceptions now insisted upon.

*Judgment that there is no error in the proceedings of the county court, that the respondent take nothing by his exceptions, and that mittimus issue to carry into effect the sentence there imposed.*