### LIZZIE J. CURRIER *v.* J. R. RICHARDSON.

*Evidence. Record. Contents not for the jury. Charge of Court. Presumption of innocence.*

1. The plaintiff sued the defendant for slander in having charged her with stealing certain articles. The defendant justified the words. *Held,* that the plaintiff might show that after the defendant had knowledge of the alleged theft he promised to marry her.

2. Where the record of a court is put in evidence, only so much of it as is material to the issue should be read to the jury, if any of it at all should be, which is doubted, and if any fact is improperly given to the jury by the reading of such record it will be reversable error.

3. A charge that the defendant "in addition to making out by a fair balance of proof his justification, must also overcome the legal presumption of innocence," where the words to be justified charge larceny, is erroneous; for when the defendent has established the charge of theft he has already once overcome the presumption of innocence, and the jury might have inferred from the language of the charge that something more was required of him.

Action for slander. Plea, the general issue with notice of justification. Trial by jury at the December term, 1890, Thompson, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

Currier *v.* Richardson.

The opinion states the case.

*Geo. L. Fletcher* and *William E. Johnson*, for the defendant.

It was error to allow the full record to be read. The court should inspect the record and tell the jury what fact it establishes. Thomp. Trials, sec. 1029.

The charge that the defendant in addition to making out his justification by a fair balance of proof must also overcome the legal presumption of innocence, was error. There is no intermediate rule between civil and criminal cases. *Weston* v. *Gravlin*, 49 Vt. 507.

*Gilbert A. Davis* and *Martin A. Goddard*, for the plaintiff.

Evidence that the defendant promised to marry the plaintiff after the alleged thefts was competent. It rendered less probable the plaintiff's claim that he believed she was a thief; and the record was conclusive. *Rollins* v. *Chalmers*, 51 Vt. 595 and cases cited ; *Holt* v. *Thacher*, 52 Vt. 592 ; *Kimball* v. *Newport*, 47 Vt. 42; *Porter* v. *Gile*, 47 Vt. 623 ; *Morey* v. *King, Fuller & Co.*, 51 Vt. 386 ; *Parkhurst* v. *Sumner*, 23 Vt. 541 ; *Nason* v. *Blaisdell*, 12 Vt. 171.

The record was the best evidence. *State* v. *Brown*, 49 Vt. 437 ; *Quinn* v. *Hard*, 43 Vt. 375 ; *Passumpsic Bank* v. *Goss*, 31 Vt. 315 ; *Harrington* v. *Wright*, 48 Vt. 427 ; *Probate Court* v. *St. Clair*, 52 Vt. 24.

Being properly in the case it might be read to the jury like any other evidence.

The opinion of the court was delivered by

START, J. The plaintiff's evidence tended to show that the defendant, on several occasions and to different persons, stated that she had stolen property belonging to him. The defendant claimed, and his testimony tended to show, that the plaintiff had stolen some sheets and handkerchiefs. To meet

Currier *v.* Richardson.

this claim, and as bearing upon the probability of the truthfulness of the defendant, the plaintiff was allowed to show that, subsequent to the time the defendant claimed he learned the plaintiff had stolen from him, the defendant promised to marry her, made her presents, and visited her frequently.

1.   These facts, if proven, rendered the defendant's claim that the plaintiff had stolen his property less probable, and that of the plaintiff that she had not more probable; and the plaintiff had a right to establish these facts by evidence legal in its character. *Armstrong* v. *Noble*, 55 Vt. 428.

2.   To establish the fact that the defendant had agreed to marry the plaintiff, the plaintiff was permitted, against the exception of the defendant, to read to the jury a record of a judgment in an action between the same parties in the same court, from which it appeared that the plaintiff recovered a judgment against the defendant on account of a breach of the claimed contract of marriage. It appeared, from the record of this judgment, that the plaintiff claimed in that suit that she had been seduced by the defendant, and that heavy terms were imposed upon the defendant on account of a continuance of the cause on his motion; also, the amount of damages recovered appeared from the record. These facts were not material to any issue on trial, and, disconnected from the record were not legally admissible; and we think the fact that they appeared as a part of the record did not render them admissible. There is no more occasion for reading to the jury inadmissible parts of a record which is produced to establish a single fact evidenced by such record, than for reading inadmissible parts of a deposition; and the court should have excluded from the jury such parts of the record as were immaterial to the issue on trial.

This being a record of the court trying the cause, there was no occasion for reading it to the jury, or allowing them to inspect it. Facts shown by record should be ascertained by the court upon an inspection of the record, and not submitted to the

jury for their decision. Such records import absolute verity and cannot be contradicted. There were no questions of fact to be submitted to the jury in respect to the record; it was for the court to inspect the record and instruct the jury that the fact that the defendant promised to marry the plaintiff was established. *State* v. *Hannett*, 54 Vt. 83; Thompson on Trials, vol. 1, sec. 1029; Starkie on Evidence, p. 699; *Adams* v. *Betz*, 26 Am. Dec. 79. The court in charging the jury, correctly applied the rule, by instructing them that the judgment conclusively established the fact that, after the death of his wife, the defendant promised to marry the plaintiff; but the inadmissible evidence contained in the record had already had its influence on the minds of the jury, and it is impossible to say what their verdict would have been had this evidence not been read to them. We are not at liberty to say this evidence worked no injury to the defendant; but we can say it may have done so.

In other respects, the rulings of the court upon the admission and rejection of testimony were correct.

3. The court, after charging the jury that the burden of proof was on the defendant to make out his justification by a fair balance of evidence, instructed them as follows: "In addition to making out by a fair balance of proof his justification, he must also overcome the legal presumption of innocence. The law presumes all men and all women to be innocent of crime, until the contrary is shown by legal evidence. When the act charged involves fraud, dishonesty, or crime, the legal presumption of innocence which prevails in civil or criminal causes must be overcome by evidence by the party who alleges such act. The defendant, alleging such acts on the part of the plaintiff, must overcome this presumption."

The defendant, in order to make out his justification, undertook to prove that the plaintiff had been guilty of the crime of larceny; and, in so doing, he assumed the burden of proving a fact, where the legal presumption was against him. The jury

Currier *v.* Richardson.

were told that the defendant, in *addition* to making out by a fair balance of proof his justification, must also overcome this legal presumption of innocence. By this instruction, the jury may have understood that something more than a fair balance of proof was required, and that, after the defendant had established the charge of theft by a fair balance of the proof, which included the presumption of innocence and all facts and circumstances that tended to disprove the charge of theft, he must go further and again overcome this presumption of innocence. Included in, and to be weighed as a part of, the plaintiff's evidence, was the natural presumption of innocence, all of which taken together was to be overcome by a fair balance of proof. We think that the jury may have understood that more than this was required, and that in this respect there was error.

*Judgment reversed and cause remanded.*