STATE *v.* CHARLES MARSTON.

May Term, 1909.

Present:  ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed May 31, 1909.

*Criminal Law—Conduct of Trial—Comments of Judge—In-*
*structions—Necessity—Circumstantial Evidence—Presump-*
*tion of Innocence—In Nature of Evidence.*

Where in a trial of a criminal case, respondent's counsel referred to
the penalty in his argument to the jury, the court properly in-
structed that the jury should not consider the penalty; and if that
instruction discredited the counsel to respondent's prejudice the
result is chargeable to the counsel's action.

Where the court in its charge to the jury in a criminal case correctly
stated the rule of reasonable doubt and referred to the phrase
itself as plainly indicative of its meaning, nothing further by way
of definition was required.

In a criminal case a charge that, if the jury can reconcile the evi-
dence on any reasonable hypothesis consistent with respondent's
innocence it is their duty to do so, is required only where the
evidence is wholly circumstantial.

It is error to refuse to charge in a criminal case that the presumption
of innocence is in the nature of evidence to be weighed by the
jury with other evidence in favor of respondent.

INFORMATION for an assault with intent to rape.  Plea, not
guilty.  Trial by jury at the December Term, 1908, Addison
County, *Stanton*, J., presiding.  Verdict, guilty of a simple as-
sault, and judgment thereon.  The respondent excepted.  The
opinion states the case.

*W. H. Davis* for the respondent.

The presumption of innocence in a criminal case is in the
nature of evidence, to be weighed with any other evidence in
the case making in favor of the respondent; and it was error to
refuse so to instruct the jury.  *Coffin* v. *United States*, 156 U. S.
452; *Lindley* v. *Lindley*, 68 Vt. 422; *Taft* v. *Taft*, 80 Vt. 259;

*Rogers Will Case,* 80 Vt. 271; *Coffin* v. *United States,* 156 U. S. 460; *In re Cowdry's Will,* 77 Vt. 363; *Sheldon* v. *Wright,* 80 Vt. 319.

*F. W. Tuttle,* State's Attorney, for the State.

MUNSON, J.   When respondent's counsel referred in his argument to the fact that the offence charged was punishable by imprisonment in the state prison, it was entirely proper for the court to say in its charge that the penalty might be the payment of a small fine, but that the matter was one with which the jury had nothing to do.   If this discredited counsel with the jury to the prejudice of his client, as is suggested, the result is chargeable to the action of counsel and not to the comment of the court.

‑   The court stated the rule of reasonable doubt correctly,. and referred to the phrase itself as plainly indicative of its meaning. Nothing further by way of definition was required.   *State* v. *Costa,* 78 Vt. 198, 62 Atl. 38.   Nor was it necessary that the court should add, as requested, "that if the jury could reconcile the evidence upon any reasonable hypothesis consistent with the innocence of the respondent it was their duty to do so."   An instruction of this nature, if ever essential in this jurisdiction, is required only in cases where the evidence is entirely circumstantial.   See Underhill Cr. Ev. 9, 10; Bish. New Cr. Pro. §1079; *Com.* v. *Costley,* 118 Mass. 124; *Langdon* v. *People,* 133 Ill. 382, 408, 24 N. E. 874; *Hunt* v. *State,* 7 Tex. App. 212, 235. The evidence here was partly direct, for the complaining witness identified the respondent as the person who assaulted her.   But an instruction of this nature is usually given where the evidence is wholly circumstantial, and a failure to give it in such a case might be held to render the charge inadequate.   See *State* v. *Bean,* 77 Vt. 384, 406, 60 Atl. 807.

The respondent requested the court to charge that the presumption of innocence was an instrument of proof, to be weighed with the other evidence in his favor in determining whether his guilt was established.   The respondent was entitled to a charge covering this instruction.   *Bradish* v. *Bliss,* 35 Vt. 326; *Fire Asso.* v. *Merchants' Nat. Bank,* 54 Vt. 657; *Re Cowdry's Will,* 77 Vt. 359, 60 Atl. 141.   The court did not give the instruction in terms, and we find nothing in the charge as given

that can be held to have conveyed the same meaning. The court charged, in substance, that the respondent came into the trial with a presumption of innocence as a shield, and that this presumption surrounded him until it was removed by the force of the evidence; that the State must establish the respondent's guilt beyond a reasonable doubt, and that the presumption of innocence remained with the respondent until the jury found by the measure of proof indicated that it had been removed. This informed the jury that the presumption of innocence attends a respondent until his guilt is established, but failed to inform them that this presumption is itself a piece of evidence, to be weighed with the other evidence favorable to the respondent in determining the question of his guilt.

*Exceptions sustained, judgment and sentence reversed, and cause remanded.*