## STATE *v.* ANNA CLARK.

### October Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

### Opinion filed March 5, 1910.

*Criminal Law—Presumption of Innocence—Effect as Evidence— Motion in Arrest—Sufficiency of Indictment—Use of the Word "Feloniously" in Indictment—Necessity in Charging a Felony.*

The presumption of innocence has the force of evidence and is to be weighed as such.

An indictment for adultery which shows that each of the parties to the offence is married to a person who is not the other party to

20

the act shows argumentatively that they were not married to each other, and this is sufficient on a motion in arrest of judgment.

Our penal statutes do not create the crime of adultery by defining it, but punish what was known as adultery at common law, referring to it by name, and leaving it to be defined by that law.

Adultery was not a felony at common law, and was not made a felony by the statute punishing the offence, but is a felony only by virtue of a general statutory classification based on the nature of the punishment.

P. S. 5983, declaring that offences which may be punished by death or imprisonment in the state prison are felonies, and that all other offences are misdemeanors, affords no test for the requirements of pleading, and hence an indictment for adultery, which is a felony only by virtue of the general statutory classification, need not allege the act to have been "feloniously" done, since intent is not an ingredient of the crime.

It is said that at common law the word "feloniously" signifies an intent to commit a crime; that it characterizes a mind bent on doing what is wrong; that it means that the act proceeded from an evil heart or purpose. But under our statutes if the facts proved establish a crime punishable by death or imprisonment in the state prison, then the crime was committed "feloniously"; and if they establish any other offence, that offence was not feloniously committed.

INFORMATION for adultery. Plea, not guilty. Trial by jury at the June Term, 1909, Orange County, *Taylor,* J., presiding. Verdict, guilty, and judgment thereon. The respondent excepted.

The respondent moved in arrest of judgment for that the information does not charge the alleged act to have been done "feloniously," and for that it does not allege that at the time of the act charged the respondent and her paramour were not husband and wife. Motion denied, to which the respondent excepted. Subject to the objection and exception of the respondent, the State's Attorney, in his argument to the jury, referred to the fact that the respondent had recently given birth to a child, as a circumstance that must convince the jury of her guilt. But it appears from the transcript of the evidence, which is made a part of the bill of exceptions, that the re-

spondent's husband had not seen her for two years previous to the birth of the child, and that during that time she had been living in the family of the person with whom the offence is charged to have been committed in circumstances of familiarity which indicated an illicit relation.

*David S. Conant* for the respondent.

*Stanley C. Wilson,* State's Attorney, for the State.

The charge of the court with reference to the presumption of innocence is in accord with the law as laid down in Wigmore on Evidence, §2511, in both the main work and the supplement. It is also in accord with the conclusions of Prof. Thayer as given in a lecture on the presumption of innocence delivered at Yale University and which appears in the appendix of his Preliminary Treatise on Evidence, page 551. Among the cases supporting this view are the following: *Agnew* v. *United States,* 165 U. S. 3651, in which a refusal to charge that the presumption of innocence is to be weighed as evidence was held proper. *State* v. *Soper,* 148 Mo. 217, 49 S. W. 1007; *State* v. *Kennedy,* 154 Mo. 268, in which it was held that refusal of instructions on the presumption of innocence is not error where an instruction on reasonable doubt has been adequately given. *People* v. *Ostrander,* 110 Mich. 60; *Williams* v. *State,* 144 Ala. 14; *People* v. *Moran,* 144 Cal. 48; *State* v. *Quigley,* 26 R. I. 263.

MUNSON, J. The respondent has been convicted of adultery, and claims a reversal on four grounds; one of which—an objection to the argument—is clearly without merit, and need not be considered.

The court charged the jury that the presumption of innocence does not have the force of evidence, and is not to be weighed as such. The reverse of this proposition is the settled law of this jurisdiction. *State* v. *Marston,* 82 Vt. 250, 72 Atl. 1075.

The respondent moved in arrest of judgment for that the information did not allege that the respondent and the person with whom the act was alleged to have been committed were not married to each other. The allegations which show that the

respondent and the other party to the carnal act were each married to, a person who was not the other party to the act, show argumentatively that they were not married to each other; and this is sufficient as against a motion in arrest. *Sheridan* v. *Sheridan,* 58 Vt. 504, 5 Atl. 494.

The motion in arrest is put upon the further ground that the information does not charge that the act was done feloniously. Adultery was not recognized as a crime by the common law courts. *State* v. *Cooper,* 16 Vt. 551. The early statutes of this State provided for its punishment by fine and whipping. Laws of 1797, p. 164. It was argued in *State* v. *Cooper* that the offence was made a felony by the act of 1818 which made it punishable by imprisonment in the state prison, but the court held otherwise. It is now a felony by virtue of P. S. 5983, which declares that offences punishable by death or imprisonment in the state prison are felonies. This provision was first enacted in the revision of 1880.

Adultery was a private wrong at common law, but was an offence against the ecclesiastical law; and the term as used in the two jurisdictions had different meanings. Our penal statutes regarding adultery are found in P. S. 5881, 5882. P. S. 5881 does not create the crime of adultery by defining it, but punishes what was known as adultery under the common law, referring to it by name, and leaving it to be defined by that law. P. S. 5882 makes adulterous a connection that was within the inhibition of the ecclesiastical law, but was not covered by the definition of the common law. See *State* v. *Searle,* 56 Vt. 516. In neither section do we find the word "feloniously," nor anything referring to knowledge or intent. It appears then that there is nothing in the status of adultery as known to the English law, nor in the language of our statute establishing the crime, that requires the use of "feloniously," either as a technical word or as otherwise descriptive of the offence. It was not a felony at common law, and was not made a felony by the statute which created the offence, nor by the alteration which raised the penalty to imprisonment in the state prison. It is a felony only by virtue of a general statutory classification based on the nature of the punishment.

Felonies at common law were crimes which worked a forfeiture of the offender's lands or goods. Judged by this test

there would now be no felonies, for forfeitures no longer follow conviction. *State* v. *Scott,* 24 Vt. 127. But our statute maintains the distinction between felonies and misdemeanors by a rule based upon modern penalties. Statutes of this character provide an unfailing test for determining the classification of a crime. But the rule of the common law had ceased to perform this office long before forfeitures were abolished. Parliament often declared offences to be felonies without subjecting the offender to a forfeiture, and removed the penalty from other offences which nevertheless continued to be recognized as felonies. *Reagan* v. *United States,* 157 U. S. 302, 39 L. Ed. 709, 15 Sup. Ct. 610. These acts of Parliament, as far as they were amendatory and explanatory of the common law, were a part of the common law adopted by the colonies, and the inconsistencies they introduced have always embarrassed the subject in this country.

It was the theory of the common law that the word "feloniously" alleged a particular intent essential to the crime, and that no other expression would serve the purpose. 4 Bl. 307; 1 Hawk P. C., 71. It is difficult, however, to get from the common law writers a clear understanding of that wherein this term was thought to allege more than was covered by other allegations of criminal intent. Nothing more definite in this respect can be gathered from the adjudged cases. It is said that the word "feloniously" signifies an intent to commit a crime; that it characterizes a mind bent on doing what is wrong; that it means that the act proceeded from an evil heart or purpose; that it is ordinarily but a repetition of what is expressed in other and simpler words. 12 Ency. Law, 2d Ed. 1029; *State* v. *Douglas,* 53 Kan. 669, 37 Pac. 172; *Reg* v. *Tolson,* 23 Q. B. Div. 168, 193; *Hocker* v. *Com.,* (Ky.) 70 S. W. 291; *State* v. *Scott,* 109 Mo. 232, 19 S. W. 89. It is evident that the intent here described is found in several offences which were misdemeanors at common law, as well as in felonies. This is equally true of some offences which are misdemeanors under our statute. For instance, one who steals goods not exceeding twenty-five dollars in value acts with the same criminal intent as the one who steals goods exceeding that value. It comes to what is said in *State* v. *Scott,* just cited: "If the facts proved establish a felony, then

the crime was committed feloniously; if they establish a misdemeanor, the offence was not feloniously committed.''

P. S. 5983 declares that offences which may be punished by death or imprisonment in the state prison are felonies, and that all other offences are misdemeanors. This provision makes offences felonies or misdemeanors without regard to the ingredients of the crime, and so affords no test for the requirements of pleading. Offences made felonies by this statute are not statutory felonies in the ordinary sense. A statute creating an offence by description may be such as to require the use of ''feloniously.'' The term is important when descriptive of the crime, but is not necessary to indicate the punishment. A statute which creates a crime regardless of intent, and provides for its punishment by imprisonment in the state prison, creates a felony; but the fact that the statute classes it as a felony does not require the allegation of an intent which is not an element of the crime. A holding that an indictment for an offence punishable by imprisonment in the state prison is sufficient without the use of ''feloniously,'' will not make the offence any the less a felony. The classification is determined by an arbitrary rule upon which the technicalities of pleading have no effect. The allegation that an act was done feloniously is not introduced to determine the character of the punishment, but the punishment assigned to the offence determines that the act was a felony.

We hold that the crime of adultery may be sufficiently charged without the use of ''feloniously.''

*Judgment reversed and cause remanded.*