STATE *v.* TERESA ROSSI.

January Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed February 9, 1918.

*Witnesses—Cross-examination—Use of Papers to Refresh Recol-
.lection—Discretion of Court—Admissibility of Evidence not
Excepted to—Presumption of Innocence—Weight as Evi-
dence—Respondent's Refusal to Testify.*

Where a witness, during his direct examination, has referred to certain
papers for the purpose of refreshing his recollection, the cross-
examiner is entitled to have such papers handed to him for pur-
pose of cross-examination, but is not entitled to other papers, held
in the witness' hand while testifying, but not referred to by him.

Where, in such circumstances, the cross-examiner did not know whether
the papers handed to him were those referred to or not, the action
of the court in ascertaining what papers were required, by in-
quiry from counsel and witness, and by examination of all the
papers, and in giving him the use of such, was not error.

In a prosecution for the illegal sale of intoxicating liquor, it is within
the discretion of the trial court to exclude a question asked on
cross-examination of a State's witness, as to whether the witness
had stated that he had a right to be, and had been, engaged in the
selling of liquor.

The question of the admissibility of evidence, not excepted to in the
court below, is not before the Supreme Court.

In a criminal prosecution, an instruction that the presumption of
respondent's innocence is a piece of evidence to be considered and
weighed by the jury, with other evidence, is all that the respondent
is entitled to upon this point.

The presumption of innocence, in a criminal prosecution, is to be given
such weight as evidence as the jury think it ought to have.

An instruction that respondent's refusal to testify should not be taken
against him, with the explanation that respondent might testify or
not as he choose, and that if he did not testify, the fact must
not be taken against him, *held*, correct and not open to mis-
construction.

INFORMATION for the illegal sale of intoxicating liquor. Plea, not guilty. Trial by jury at the Special May Term, 1917, Windsor County, *Waterman,* J., presiding. Verdict, guilty. Respondent excepted. The opinion states the case.

*Charles Batchelder* for respondent.

*W. S. Pingree,* State's Attorney, for the State.

HASELTON, J. This was a prosecution for the illegal sale of intoxicating liquor.

One of the witnesses in behalf of the State was a detective, Balsar. During his direct examination he consulted certain papers to refresh his recollection. It appeared that when he referred to the papers mentioned, he held in his hand other papers to which the ones referred to were attached. On cross-examination the respondent's counsel called for all the papers which the witness had held in his hand when he was testifying. The court ruled that the respondent's counsel should have for the purpose of cross-examination all the papers that the witness had referred to, but that the respondent's counsel was not entitled to have the witness hand over the other papers. This ruling was correct and was not excepted to.

Three papers were thereupon handed over in accordance with the ruling. The respondent's counsel said he did not know whether the papers passed to him were the ones the witness had referred to or not, and claimed the right to have passed to him all the papers in the bundle referred to. The court ascertained as well as it could what papers the witness had referred to and ruled that at the time the respondent's counsel was not entitled to the other papers asked for. To this ruling an exception was taken, but it was ill-grounded. If in fact, while the witness had been testifying, the respondent had failed to have identified the papers referred to by the witness his failure in that respect did not entitle him to the use on cross-examination of any other papers in the possession of the witness. The respondent's counsel being in doubt through his own fault as to what papers the witness had used in open court to refresh his recollection, the court satisfied itself by inquiries of the witness and of the State's Attorney, and by an examination of all the papers talked about, what papers the witness had used on his direct examination and

gave the cross-examiner the use of such papers. The respondent had nothing to complain of.

The cross-examination of the witness, Balsar, was rather long. At the close of it the cross-examiner asked the witness if on or about a day named, while in the restaurant of a Mr. Jenne, in a conversation with Mr. Jenne, the witness stated to Mr. Jenne that the witness had a right to engage in and had been engaged in selling intoxicating liquor in Bethel. The court declined to take the answer to this question and it was within the discretion of the court to exclude it. Though the respondent took an exception to the ruling he does not argue this exception, and we refer to the matter only because the respondent refers to it in another connection.

After the State had rested the respondent called Fred C. Putnam, Deputy Sheriff, and after asking him a few questions about the witness Balsar, made a large number of offers to show by Putnam doings and sayings of Balsar. These the court excluded. In his brief the respondent argues that evidence under his offers was admissible. But he took no exception to the ruling of the court excluding such evidence and the question of its admissibility is not before us.

The respondent took an exception to the charge of the court on the subject of the presumption of innocence. A summary of the charge upon this matter is this: The court told the jury that there was a presumption of the innocence of the respondent, that this presumption was a piece of evidence to be taken into consideration and weighed along with the other evidence and to be given such weight as the jury thought it ought to have. The ground of the exception as argued on the charge as it was finally left is, in short, that thereunder the jury might wholly disregard the presumption or reduce its weight to next to nothing. The charge, however, was not faulty in the respect claimed by the respondent. All the respondent was entitled to he got when the court told the jury that the presumption was a piece of evidence to be considered and weighed by them together with the other evidence.

The respondent did not testify. As to that matter the court cautioned the jury that respondents need not testify unless they desire to, and that if they do not, their refusal to testify cannot be taken against them, that this respondent's refusal to testify should not be taken against him. The respondent excepted par-

ticularly to the use of the phrase "refusal to testify" which is the statutory phrase. Thereupon the court explained that under the law respondents may testify or not as they choose, but that if they do not testify that fact must not be taken against them. The charge upon the point under consideration taken as a whole was correct and not open to misconstruction. *State* v. *Bolton,* 92 Vt. 158, 102 Atl. 489; *State* v. *O'Grady,* 65 Vt. 66, 25 Atl. 905; *State* v. *Cameron,* 40 Vt. 555.

The exceptions taken and relied upon by the respondent have been considered.

*Judgment that there is no error in the proceedings and that the respondent take nothing by his exceptions. Let execution be done.*