STATE *v.* PERLEY HALL.

November Term, 1922.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed February 14, 1923.

*Health—Essentials to Conviction for Violation of Order of State Board of Health—Criminal Law—Instructions—Invading Province of Jury—Presumption of Innocence as Evidence —Constitutional Questions Only Decided When Necessary.*

1. To sustain a conviction for violation of an order of the State Board of Health, made pursuant to G. L. 6311 and 6313, the State must establish beyond a reasonable doubt the existence of the order and its promulgation in the manner prescribed by statute, both such questions being for the jury.

2. In a prosecution for violation of an order of the State Board of Health made pursuant to the provisions of Chapter 271, Generals Laws, an instruction of the court that, "notices were posted in three places," was error, because it treated as estab-

lished the fact that notice had been posted as required by law (G. L. 6314), and was not cured by a subsequent charge, referring to the previous statement, "That is for you to say whether that is disputed or not," for whether the evidence, though undisputed, was sufficient to establish the fact was for the jury to determine.

3. It was error to refuse to charge in a criminal case that the presumption of innocence was a piece of evidence to. be weighed in favor of the respondent.

4. Courts will not pass upon constitutional questions unless it is necessary to the final determination of the case.

INFORMATION for fishing in the waters of Berlin Pond in violation of an order of the State Board of Health. Plea, not guilty. Trial by jury in the Montpelier City Court, *F. L. Laird, J.* Verdict, guilty, and judgment on verdict. The respondent excepted. The opinion states the case. *Reversed and remanded.*

*J. Ward Carver* and *Earle R. Davis* for the respondent.

*Charles B. Adams,* State's Attorney, and *Webster E. Miller* for the State.

SLACK, J. The respondent was convicted in the Montpelier City Court of boating and fishing on the waters of Berlin Pond in violation of an order of the State Board of Health made pursuant to the provisions of Chapter 271 of the General Laws, judgment was rendered on the verdict and the respondent was sentenced to pay a. fine and costs. The case comes here on his exceptions. The only exceptions briefed are to the charge and to failure to charge.

The first exception is to the charge touching the posting of the copy of the order required by statute. The statute provides that the State Board of Health may make rules and regulations to prevent the pollution and to secure the sanitary protection of the waters of streams and ponds used by a town, village, public institution or a water or ice company as a source of water or ice supply. G. L. 6311 and 6313. It further provides that the publication of an order, rule, or regulation made by said board

under the provisions of Chapter 271 in a newspaper published in the town or village in which such order, rule, or regulation is to take effect, or, if a newspaper is not published in such town or village, the posting of a copy of such order, rule, or regulation in three public places in such town or village, shall be legal notice to all persons. .G. L. 6314.

In its charge, the court, after instructing the jury concerning the authority of the State Board of Health to make orders, rules, and regulations relating to water supplies said, ''Now, in this case, such an order was made, notices were posted in three places,'' etc. The respondent excepted to the statement that notices were posted in three places, on the ground that that was a question for the jury. The court thereupon said to the jury, ''I stated to you that the evidence was that there had been three notices posted, and that is for you to say whether that is disputed or not.''

[1, 2] To sustain a conviction for violating an order of the State Board of Health made pursuant to the statute under consideration, the State must establish not only the existence of the order but that it has been promulgated in the manner prescribed by statute. These are both jury questions, and must be established by the measure of proof required in State cases. In what the court first said regarding the posting of notices it treated as established the fact that notice had been posted as required by law, and so, in effect, charged the jury. This was error. Nor was it cured by what the court said later, because the jury must have understod from what was then said that that fact was to be taken as established unless they found that the State's evidence on that subject was disputed. Whether the State's evidence, though undisputed, was sufficient to establish that fact was for the determination of the jury, not the court.

[3] The respondent excepted to the failure of the court to charge that the presumption of innocence was a piece of evidence to be weighed in his favor. He was entitled to an affirmative charge on this subject, and since the charge contains nothing that can possibly be construed as conveying that meaning, the exception must be sustained. *State* v. *Marston*, 82 Vt. 250, 72 Atl. 1075; *State* v. *Clark*, 83 Vt. 305, 75 Atl. 534, Ann. Cas. 1912A, 261.

[4]   The respondent excepted to the failure of the court to submit to the jury the question of whether Berlin Pond was boatable waters within the meaning of Chapter 2, section 63, of the State Constitution.   Under this exception he contends that Berlin Pond is boatable waters and that the order of the State Board of Health amounts to a prohibition of fishing therein, and is, therefore, in conflict with the provisions of the Constitution referred to.   This question is not considered, since it is a well-established rule that courts will not pass upon constitutional questions unless it is necessary to the final determination of the case.   *State* v. *Boston & Maine Railroad,* 82 Vt. 121, 71 Atl. 1044; *Blanchard* v. *City of Barre,* 77 Vt. 420, 60 Atl. 970. Whether the final determination of this case will require consideration of this question does not yet appear, as the respondent may be acquitted on a retrial.

The questions presented by the other exceptions briefed are not likely to arise on a retrial and, therefore, are not considered.

*Judgment and sentence reversed and cause remanded.*