## STATE *v.* HERBERT DUGEE.

January Term, 1929.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed February 6, 1929.

*James B. Campbell* for the respondent.

*James Brownlee,* State's attorney, for the State.

WATSON, C. J.   Evidence was introduced by the prosecution in its opening case.   When the State rested, the respondent moved that he be discharged "because there was no evidence to go to the jury to substantiate the offense charged, or to prove it in any legal way."   The motion was overruled and exception allowed.   Thereupon, respondent also rested his case.

Evidence introduced by the prosecution tended to show that on December 11 the Marmon touring car on which were number plates ("No. 65-814, Vermont") attached that were not assigned to it by the Secretary of State, with two men in it, was pursued by three officers in a patrol car for a distance of two or three miles on a highway in the town of Westmore in said Orleans County, when the driver of the Marmon car evidently lost control and the car left the highway and went over the bank; that it was then dark, but the patrol car had headlights and was running very close to the Marmon car; that the officers saw two men leave the latter car, one on each side of it, and start running from it in opposite directions, one away from the road toward the end of the swamp; that officer Phelps, having a flash-light, pursued this man on foot about $\frac{1}{4}$ of a mile through the swamp and overtook him; that just before Phelps reached the man he was pursuing, the latter came to a thicket of cedar which was hard to get through, and Phelps was so close to him that he stopped, turned around and faced Phelps who flashed his flash-light upon him and saw that it was Dugee, the respondent, whom he knew; that officer Phelps called for the man to put up his hands, but instead of doing so the man started for Phelps and said, "No, you put up your hands"; that Phelps grabbed the man and discovered that he had a knife in a sheath under his arm; that as a result of the scuffle then and there had between them, the man escaped the officer, taking the latter's flash-light with him; that officer Phelps is positive that

the respondent is the same man thát he saw leaving the Marmon car and running toward and into ·the swamp, and whom he (Phelps) then pursued and overtook in the swamp, all as above stated.·

■■■ There was other evidence tending to show respondent's identity. But it is argued in his behalf that there was no evidence tending ·to show that he was the person who was then operating the Marmon car, as distinguished from the other man who took flight from that car at the same time in the opposite direction and who was neither captured nor recognized by any of said officers. It is too well settled to need further discussion, that evidence tending to show flight of a respondent immediately after the commission of the alleged offense with which he stands charged and ·for which he is on trial, is admissible, and unexplained, tends to show guilt; and as the probative force of such evidence may be materially varied or wholly taken away by evidence of the attending circumstances, it is proper for a jury to consider testimony of the extent of the flight, together with the actions and doings of the respondent, tending to characterize it, including his resistance of known officers in attempting his arrest, and in avoiding the same.· *State* v. *Shaw*, 73 Vt. 149, 50 Atl. 863; *State* v. *Chase*, 68 Vt. 405, 35 Atl. 336. Assuming, but not deciding, that on the evidence the other man who took flight from the Marmon touring car at the same time, cooperated with the respondent in operating that car in violation of the statutes on which this prosecution is based, yet the criminal responsibility of the respondent is not lessened by such cooperation. *State* v. *Ceresa*, 92 Vt. 190, 102 Atl. 1040.

■■■ The court charged the jury touching the presumption of innocence as follows: "In the first place, the respondent comes in here with the presumption of innocence, which follows him all through·the trial. That is, he is presumed to be innocent until the evidence convinces you beyond·a reasonable doubt that he is guilty, and the burden is upon the State to convince you beyond a reasonable doubt of his guilt."

The court then went on to instruct the jury as to the meaning of reasonable doubt, but not otherwise nor again in the charge is that presumption mentioned. Nowhere in the charge are the jury informed that this presumption is in·itself a piece of evidence to be considered by them in respondent's favor in arriving at their verdict.

The court charged in part as follows: "It is claimed on the part of the State that the number plates on the car in question were wrong number plates, that is, number plates had been placed upon that car which had no right to be there, and I don't understand that there is any question about that. I don't understand that the respondent denies that, so that you start out with the proposition that there were wrong number plates on that car; that that car was operated by somebody with wrong plates, so that you are now to decide by the test whether that this Herbert Dugee operated that car at that time with wrong number plates, and in considering that, you are to take all the evidence in the case, and the evidence as it has been produced by the State. The respondent has produced no evidence. He is not obliged to take the stand in a criminal case * * * * * The law requires that so that in considering this case, you take only the evidence which has been produced here, and take the circumstances." Exception was saved by respondent's attorney, to what the court said "about the matter of number plates, saying that he did not understand that the respondent denied the State's evidence, * * because I (attorney) say that the plea of not guilty and the presumption of innocence is sufficient denial of each and every material allegation and important fact in the case, so that part of the court's charge is prejudicial to the respondent."

Again the court in its charge said: "There is one piece of evidence which is important for you to consider as bearing upon the identity of this man, although the testimony would indicate to you that the respondent's position is that he was not there, although there was no evidence in the case to substantiate that position." Exception was saved to this last assertion negativing any "evidence in the case to substantiate that position," the respondent's attorney saying that the presumption of innocence was evidence to be considered in that respect in favor of respondent.

The two last named exceptions must be sustained. In this case, as in *State* v. *Marston,* 82 Vt. 250, 72 Atl. 1075, the court failed to inform the jury that the presumption of innocence is itself a piece of evidence to be weighed in respondent's favor on all material questions in determining the question of his guilt. To the same effect is *State* v. *Clark,* 83 Vt. 305, 75 Atl.

496

534, Ann. Cas. 1912A, 261, and *State* v. *Hall*, 96 Vt. 379, 119 Atl. 884.

██ The only other exception which needs now to be noticed, relates to the jurisdiction. The evidence, as before observed, showed the locus to have been in Westmore, of which the Court takes judicial notice as being in Orleans County. This exception, therefore, is not sustained.

*Judgment reversed, and cause remanded.*

CHASE, J., having resigned, took no part in this decision.