ELMER O. CLARK *v.* FRED DEMARS ET AL.

May Term, 1929.

Present:   WATSON, C. J., POWERS, SLACK, MOULTON, and WILLCOX, JJ.

Opinion filed June 28, 1929.

*Sumner E. Darling, Jr.,* and *Searles, Graves & Waterman,* for the defendant Ernest Demars.

*Raymond Trainor* for the plaintiff.

MOULTON, J. The plaintiff, who was a telephone lineman, had just alighted from an automobile truck, which had stopped in the highway, and was run into and injured by an automobile, owned by the defendant Fred Demars, and operated by his son, the defendant Ernest Demars, without his father's permission or knowledge. The automobile was proceeding in the same direction as the truck. The plaintiff brought suit, and after a trial by jury, a verdict was rendered in favor of Fred Demars, and against Ernest Demars. The latter brings exceptions.

The only exceptions briefed arise from the charge to the jury. The first is to the instruction that, in the event of a verdict for the plaintiff, the jury might allow, as an element of damages, "such sum as from the evidence you find he (the plaintiff) will have lost in the future by reason of any injuries which occurred from the accident * * * * * * and such sum or sums as you will find from the evidence in the case, if any, that he will be required to expend in the future in being cured of these injuries."

It is claimed that this instruction permitted the jury to speculate as to the future damages. No transcript has been furnished us, but the bill of exceptions states that the tendency of the evidence of both parties with respect to the injuries is fully set forth therein. Under these circumstances, the exception is for consideration. *Hill* v. *Scott,* 101 Vt. 356, 143 Atl. 276, 278. The bill of exceptions states that the plaintiff worked for the same employer and received the same wages before and after the accident, and that his evidence tended to show that he was not able to do as much work as before his injuries, in that he was unable to climb poles, and found it difficult to do other species of heavy work, so that since the accident his work was of lighter sort. This is all that appears, and it was, standing alone, an inadequate and insufficient basis for submitting to the jury, as an element of damages, a diminution of

future earning capacity, because it did not afford the means of an intelligent estimate of the amount the assessment ought to include on this account. *Baldwin* v. *Gaines,* 92 Vt. 61, 73, 102 Atl. 338; *Hall* v. *Fletcher,* 99 Vt. 199, 203, 130 Atl. 685. Upon the question of future disbursements for the cure of the injuries, the evidence, according to the bill of exceptions, was silent. Obviously, this point ought not to have been submitted. The first exception is sustained.

■■ The defendant excepted to the failure of the court to charge that there was "a presumption of innocence that the defendant obeyed the law of the road both with respect to the operation of his car as regards speed and signalling with horn, if he was required to do so, and in other respects in the management of the car"; and also excepted to the failure of the court to charge that "the presumption of innocence with respect to the defendant's operation of the car is a piece of evidence in the defendant's favor." Both exceptions must be sustained. The declaration charged, and the plaintiff's evidence tended to show, that the accident was the proximate result of negligence on the part of defendant in operating the automobile at a dangerous and reckless speed, and in failing to sound the horn or otherwise signal before passing the truck beside which the plaintiff was standing.

Section 86, No. 70, Acts 1925, provides that: "A motor vehicle shall not be run on a public highway * * * in a careless or negligent manner."

A violation of this section is, by its terms, visited with a penalty of fine or imprisonment, or both. Section 68, par. XIV, of the same act provides that: "A person in control or charge of a motor vehicle shall * * * * * before passing any other vehicle which is proceeding in his direction * * * * signal with bell or horn."

By section 109 of the Act, a penalty of fine or imprisonment, or both, is imposed for a violation of any provision of the Act, unless some other penalty is provided. This section applies to section 68, par. XIV, above quoted.

The evidence, therefore, tended to show the violation of a penal statute by the defendant. It is the established doctrine of this Court that when in the trial of a civil case a person is charged with crime there is a legal presumption that he is innocent which is evidence in his favor and is to be considered by

the jury in connection with the other evidence in the case. The defendant was entitled to an instruction to this effect, since the issues made by the evidence called for it, and the failure to give it was prejudicial error. *Thayer* v. *Glynn,* 93 Vt. 257, 260, 261, 106 Atl. 834; *McKinistry* v. *Collins,* 76 Vt. 221, 232, 233, 56 Atl. 985; *Guiltinan* v. *Insurance Co.,* 69 Vt. 469, 473, 474, 38 Atl. 315; *Childs* v. *Merrill,* 66 Vt. 302, 308, 29 Atl. 532. Although there was no request for this instruction, yet it was the duty of the trial court to instruct the jury upon every essential part of the case; and an exception to the failure to charge as to such matters, though not requested, is well taken. *Bradley* v. *Blandin,* 94 Vt. 243, 256, 110 Atl. 309; *In re Bean's Will,* 85 Vt. 452, 466, 467, 82 Atl. 734; *Rowell* v. *Vershire,* 62 Vt. 405, 409, 19 Atl. 990, 8 L. R. A. 708; *Westmore* v. *Shefield,* 56 Vt. 239.

The defendant also excepted to the failure of the court to instruct the jury that "the presumption of innocence continues as a piece of evidence in defendant's favor until they are convinced of the contrary beyond a reasonable doubt." But there was no error here. While it is true that the presumption is evidence in defendant's favor, and stands with him until overcome by evidence (*Thayer* v. *Glynn, supra*), yet in a civil case it need be overcome only by a preponderance of the evidence, and not beyond a reasonable doubt. *Foundry Mfg. Co.* v. *Farr,* 98 Vt. 109, 111, 112, 126 Atl. 548.

The court charged that the law requires a signal to be given or the horn blown when an automobile passes another car proceeding in the same direction. To this the defendant excepted, the ground being that the statute so providing (Section 68, par. XIV, No. 70, Acts 1925) was not applicable because the truck was not in motion at the time. It is argued that such signal is not required when passing a parked car. But, however this may be, it appeared that the truck had only momentarily halted to permit the plaintiff to alight, and was about to start again. We think that it was "proceeding" within the meaning of the statute, and that the charge, in this respect was without error.

*Judgment reversed, and cause remanded.*