CHARLES BELOCK ET AL. *v.* STATE MUTUAL FIRE INSURANCE CO.

February Term, 1936.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed May 5, 1936.

254

*Marvelle C. Webber* and *Vernon J. Loveland* for the plaintiff.

*Fred E. Gleason* for the defendant.

SHERBURNE, J. This case has been here before and the former opinion, *Belock et al.* v. *State Mutual Fire Ins. Co.,*

106 Vt. 435, 440-442, 175 Atl. 19, contains a full statement of the facts, and inasmuch as they were not materially different in the trial now under review, except for a few variances in plaintiff's evidence which we will later note, they need not be here repeated. At the former trial the plaintiff received a verdict which was set aside. At the retrial the verdict was in favor of the defendant, and the case is here upon plaintiff's exceptions. We take up the questions raised in the order briefed.

No question was made about the execution of the policy, or the amount of damages if the plaintiff was entitled to recover, and at the close of all the evidence the plaintiff moved for a directed verdict upon various grounds to the effect that the defendant had not made out any issue to go to the jury upon its plea of fraud. This motion was overruled, subject to exception. The defendant contends that the facts developed at the retrial are substantially similar to those shown at the former trial, and that consequently our former holding is determinative that the motion was properly overruled.

When the case was here before, one of the questions presented was whether the court below had erred in setting aside a verdict in favor of the plaintiff upon the ground that it was contrary to the weight of the evidence. We then said: "We will not disturb a ruling by which a verdict has been set aside, as contrary to the weight of the evidence, merely because the evidence preponderates in its favor; to justify our interference it must appear that the evidence is so strongly in its favor as to leave no reasonable basis for a contrary verdict." 106 Vt. 435, at page 443, 175 Atl. 19, 22; and held that the record did not show abuse of the court's discretion. This, in effect, was a holding that the evidence at that trial did afford a reasonable basis for a defendant's verdict. That ruling became the law of the case and the plaintiff is concluded thereby, unless the evidence at the retrial was materially different. This principle is clearly stated in *Barclay* v. *Wetmore & Morse Granite Co.*, 94 Vt. 227, 230, 110 Atl. 1, 2, as follows: "It is a rule of general application that a decision in a case by a court of last resort is the law of that case on the points presented throughout all the subsequent proceedings therein, and no question then necessarily involved and decided will be reconsidered by the Court in the same case on a state of facts not different in legal

effect.'' See also a review of our cases upon this subject matter in *Perkins* v. *Vermont Hydro-Electric Corp.*, 106 Vt. 367, 415, 416, 177 Atl. 631.

█ The plaintiff has not pointed out any material differences in the tendency of the defendant's evidence, but we have carefully reviewed all the evidence and have found nothing which materially alters the force of the statement in our former opinion. Like any retrial, slight differences must be expected, but such as are disclosed in no way weaken the force of the tendency of defendant's evidence. The motion was properly overruled.

On the morning of the fire, Belock spoke to one of the two Italians, who had been occupying the north room of the house for the purpose of brewing beer. They went away that day taking a part of their beer apparatus with them, but leaving behind a three-burner oil stove and some other articles, such as a large tank and three or four beer cases and kegs. In their operations they had used the hall of the house for storage of beer cases and kegs, also the north end of the cellar, to which they had access by a stairway from the hall. In gaining access to their room they had used a back door which opened toward the horse barn, the building which burned. When they went away they retained their keys. It did not appear whether they planned to return for the articles they had left. For further details as to the tendency of plaintiff's evidence see the former opinion.

It was the contention of the plaintiff that the Italians burned the barn and attempted to burn the house. With the evidence standing as we have indicated, the plaintiff offered to show that as a result of Belock's speaking to one of the Italians on the morning of the day of the fire, he had trouble with him and that the Italian made threats against him. Several questions along this line were excluded and the plaintiff excepted. It is very doubtful if the plaintiff made his point sufficiently specific, but in our disposition of the exception we will treat the matter as if he had properly offered to show that Belock ordered the two Italians off the premises because they had not paid their rent, and that one of them threatened to get back at him, as the plaintiff was permitted to show at the former trial.

■ The same rule applies here as in a criminal case. "Threats of a third person, other than the prisoner on trial, against the victim of the crime charged, are inadmissible. Evidence of this character is objectionable as being hearsay, *res inter alios acta,* and as tending to draw away the minds of the jury from the point in issue, which is the guilt or innocence of the prisoner, and to excite their prejudices and mislead them. But where there is other evidence tending to show that the crime was committed by the third person making the threats instead of by the accused, evidence of such threats is admissible as a part of the facts and circumstances which indicate that the person making them is the guilty person rather than the accused." 8 R. C. L. 186. In *State* v. *Long,* 95 Vt. 485, 492, 493, 115 Atl. 734, 738, we said: "While it is always competent for a respondent to give evidence tending to show that another committed the crime of which he is charged, * * * it is not enough merely that another had a motive to commit it. There was no evidence that connected Broadwall with the criminal act itself, nor did the respondent offer to produce such evidence, without which the evidence in question was inadmissible. *McDonald* v. *State,* 165 Ala. 85, 51 So. 629; *Tatum* v. *State,* 131 Ala. 32, 31 So. 369; *Walker* v. *State,* 139 Ala. 56, 35 So. 1011; *Irvin* v. *State,* 11 Okl. Cr., 301, 146 Pac. 453; *State* v. *Brady,* 124 La. 951, 50 So. 806; *Com.* v. *Abbott,* 130 Mass. 472. In this respect a motive in another stands like threats by another, which are, standing alone, excluded. *State* v. *Moon,* 20 Idaho, 202, 117 Pac. 757; Ann. Cas. 1913A, 724 and note; *Carlton* v. *People,* 150 Ill. 181, 37 N. E. 244, 41 A. S. R. 346; *Com.* v. *Bednorciki,* 264 Pa. 124, 107 Atl. 666."

■ ■ The plaintiff recognized this rule in making his offer, and stated that the question of admissibility depended upon whether there were circumstances in evidence connecting the Italians with the fire, and claimed that he had introduced sufficient evidence to warrant an inference that they were the ones who started the fire. The trouble here is that the plaintiff does not distinguish between a mere suspicion or conjecture and evidence fairly and reasonably tending to show that the Italians set the fire. See cases cited in *State* v. *Long, supra.* Such evidence must show that another was in fact implicated. *Com.* v. *Abbott, supra.* It must relate to the perpetration of some deed

■

entering into the crime itself. *McDonald* v. *State, supra; Carlton* v. *People, supra.* There must be proof of such a train of facts and circumstances as tend clearly to point to the other. *Carlton* v. *People, supra.* Here, the evidence that the Italians had left that day taking their keys with them and leaving a part of their utensils, with no offer to show anything further, merely raised a suspicion against them. The offer was properly excluded.

The plaintiff requested the court to charge as follows:

"The defendants plead they cannot be held liable on the ground, as claimed by them, that the plaintiff Belock set the fire to the horse barn. On this claim the plaintiff Belock is entitled to the presumption of innocence and you should consider that presumption that he did not set the fire as a piece of evidence in his favor. This presumption that he did not set the fire must be overcome by evidence that he did set the fire before a verdict can be found against him. The plaintiff Belock is entitled to this presumption throughout the trial."

The court's charge upon this subject was as follows:

"From the fact that the defendants charge the plaintiff Belock with the crime of setting the fire there arises the presumption of fact that he did not commit the crime and the presumption he did not set, or cause to be set, the fire, is a piece of evidence in his favor to be weighed together with all the evidence in the case."

After the charge the following conversation was had at the bench relative to this subject matter:

"Mr. Webber: With reference to the charge of the Court on the question of presumption of innocence I call the Court's attention to that part of our Request No. 4, which was mostly complied with, or at least mostly covered with this exception, 'the plaintiff Belock is entitled to this presumption throughout the trial'—

"Court: We charged he was entitled to the presumption to be weighed with all the other evidence in the case. We think that covers it.

"Mr. Webber: Then we except to the failure of the Court to charge as requested in the fourth request where the Court did not charge that plaintiff Belock is entitled to this presumption throughout the trial.

"Court: You wish me to comply with that?

"Mr. Gleason: He isn't entitled to the presumption throughout the trial, but only to the point where they find it is out-weighed by the preponderance of the evidence.

"Mr. Webber: They couldn't find that until they are in the jury room—

"Court: Is it not a correct statement of the law as the Court gave it?

"Mr. Gleason: I think it is.

"Mr. Webber: Will you look at this request—

"Court: I understand they often use that phrase. I understand it is a presumption to be weighed with all the other evidence in the case. Of course, the burden of proof stands the same throughout the case."

From the foregoing it is apparent that the only exception saved was to the failure of the court to charge that plaintiff Belock was entitled to the presumption throughout the trial. The failure of the court to charge that the presumption must be overcome by evidence is not before us, as plaintiff's brief would indicate. The plaintiff, in claiming that his request is a correct statement of the law in this State, admits that our cases do not in so many words say that the presumption remains throughout the trial, but does claim that the presumption stands with the party until overcome by the evidence, and as said in *Bradish* v. *Bliss*, 35 Vt. 326, 338, "it exists at all times, and everywhere and is a presumption the law ever makes," and "whoever asserts the contrary must always encounter it and be required to overcome it by evidence." He cites no authorities

from other jurisdictions to show that the plaintiff was entitled to this presumption throughout the trial.

■ ■ Ever since the case of *In re Cowdry's Will*, 77 Vt. 359, 60 Atl. 141, 3 Ann. Cas. 70, it has been the established doctrine of this court that, both in a criminal case and in a civil case where a person is charged with a crime, the presumption of innocence is evidence in favor of the accused and is to be considered by the jury in connection with the other evidence in the case. *State* v. *Marston*, 82 Vt. 250, 72 Atl. 1075; *State* v. *Clark*, 83 Vt. 305, 307, 75 Atl. 534, Ann. Cas. 1912A, 261; *State* v. *Rossi*, 92 Vt. 187, 189, 102 Atl. 1030, 1031; *Thayer* v. *Glynn*, 93 Vt. 257, 106 Atl. 834; *State* v. *Hall*, 96 Vt. 379, 381, 119 Atl. 884; *Foundry Mfg. Co.* v. *Farr*, 98 Vt. 109, 111, 126 Atl. 548; *State* v. *Dugee*, 101 Vt. 491, 495, 144 Atl. 689; *Clark* v. *Demars*, 102 Vt. 147, 150, 151, 146 Atl. 812; *State* v. *Comer*, 105 Vt. 175, 177, 163 Atl. 585, 94 A. L. R. 1038. It is to be weighed in his favor, *Bradish* v. *Bliss, supra; Fire Asso.* v. *Merchants' Nat'l Bank*, 54 Vt. 657, 668; as a piece of evidence, *State* v. *Marston, supra; State* v. *Clark, supra; State* v. *Hall, supra;* on all material questions in the case, *State* v. *Dugee, supra; State* v. *Comer, supra.* It must be overcome by evidence, *Bradish* v. *Bliss, supra; Fire Asso.* v. *Merchants' Nat. Bank, supra; Stevenson* v. *Gunning's Est.*, 64 Vt. 601, 613, 25 Atl. 697; *Currier* v. *Richardson*, 63 Vt. 617, 620, 22 Atl. 625; and stands with him until so overcome, *McKinstry* v. *Collins*, 76 Vt. 221, 232, 56 Atl. 985; *Thayer* v. *Glynn, supra; Clark* v. *Demars, supra.*

In *In re Cowdry's Will*, 77 Vt. 359, at pages 362-364, 60 Atl. 141, 142, 3 Ann. Cas. 70, the contestants requested a charge that the law presumes undue influence when a ward makes a will in favor of her guardian, and views the act with suspicion. The court refused, but charged instead that the burden was on the guardian to show no undue influence on his part. This was held not to be enough, and the Court said: "The presumption of undue influence, which the law undoubtedly raised, did more than to take the burden of proof from the contestants and place it upon the guardian. It established *prima facie*, the existence of such influence, and was sufficient to defeat the will unless and until it was overcome by counter proof, and should have been used as a piece of evidence and weighed as such in favor of the contestants." The opinion mentions that Professor Thayer

says that disputable presumptions of law do not belong to the law of evidence, but to a much larger topic, that of legal reasoning; that their exact scope and operation is to cast upon the party against whom they operate the duty of going forward; but that they are not in themselves evidence. The majority of the Court, however, adopted the view expressed in *Coffin* v. *United States,* 156 U. S. 432, 452-460, 39 L. ed. 481, 15 Sup. Ct. 394, where it is held that the presumption of innocence is evidence in favor of the accused; and the opinion continues with these words: "But whatever may be said as to the comparative merits of the two views, and it must be conceded that Professor Thayer's has much to recommend it, the view we have expressed has become so embedded in our law that it is thought best to let it remain, as it works well enough in practice, and is sustained by the highest Court in the land and by many state courts."

As the plaintiff has cited only our own cases, and as none of them have ever said more than that the presumption stands until overcome by evidence, we might leave the matter here without going further. But because of the importance of the question, we have to some extent explored the holdings in other jurisdictions. So far as we have examined their cases we find two somewhat contradictory positions. Some courts hold that the jury should be told that the presumption remains throughout the trial; others that it is sufficient to tell the jury that it remains until overcome by evidence. We mention a few cases illustrative of the different positions.

*Flynn* v. *People,* 222 Ill. 303, 78 N. E. 617, holds that the defendant is entitled to the presumption of innocence through all the steps of the trial, and during the consideration of all the evidence by the jury after they have been instructed by the court, and until they determine, from a consideration of all the evidence, that the guilt of the defendant has been established; and that the presumption attends the accused at every stage of the proceedings until the jury agree upon a verdict.

*People ex rel. Gow* v. *Bingham,* 57 Misc. 66, 107 N. Y. S. 1011, holds that the presumption continues during the introduction of evidence, the summing up of counsel, the charge of the court, and until the jury by its verdict has said the presumption is overcome.

262

*State* v. *Sonnenschein*, 37 S. D. 585, 159 N. W. 101, holds that the presumption accompanies the defendant throughout every stage of the trial.

*People* v. *McNamara*, 94 Cal 509, 514, 29 Pac. 953, holds that it continues until the jury arrive at a verdict.

*State* v. *Peden*, 157 S. C. 459, 154 S. E. 658, holds that the presumption follows the prisoner throughout the trial of the case and until removed by competent evidence.

*State* v. *Bubis*, 39 Idaho, 376, 227 Pac. 384, holds that the presumption continues until from all the evidence the jury are satisfied of the defendant's guilt beyond a reasonable doubt.

*State* v. *Serlinsky*, 115 N. J. Law, 560, 181 Atl. 147, holds that the presumption continues until the state establishes defendant's guilt beyond a reasonable doubt.

*Waters* v. *State*, 117 Ala. 108, 22 So. 490, holds that the presumption does not necessarily attend a defendant throughout the entire trial, but only until it is overturned by evidence which convinces the jury beyond a reasonable doubt. In Alabama the presumption is evidence.

 ██ The presumption is a piece of evidence, which the jury must consider along with the other evidence, when they come finally to pass upon the case. In this sense the accused is entitled to the presumption, and it does accompany him, throughout the entire trial; but we are unwilling to hold that it is error not so to instruct the jury. Instructions are given after all the evidence and the arguments of counsel, and we are unable to see wherein a jury can consider the instructions other than in connection with the whole case. A majority of the courts have accepted the rule that the presumption of innocence is not evidence. See annotations in 34 A. L. R. 938, and 94 A. L. R. 1042. Even the United States Supreme Court now holds that it may mislead the jury to charge that it is evidence. *Holt* v. *United States*, 218 U. S. 245, 253, 54 L. ed. 1021, 1030, 31 Sup. Ct. 2, 20 Ann. Cas. 1138; *Agnew* v. *United States*, 165 U. S. 36, 51, 52, 41 L. ed. 624, 630, 17 Sup. Ct. 235. We think that we have gone far enough in holding that the jury must be told that the presumption is a piece of evidence to be weighed in favor of the accused, and that it stands with him until overcome by evidence. To charge further that the accused is entitled to this presumption throughout the trial may tend to mislead the

jury, as said by Parker, Circuit Judge, in *Dodson* v. *United States,* 23 Fed. (2nd) 401, citing *Holt* v. *United States, supra.* As stated in defendant's brief, the plaintiff was not entitled to have the presumption treated as a glorified piece of evidence to be given special prominence and consideration. The following quotation from *State* v. *Rossi, supra,* applies somewhat to the situation: ''The court told the jury that there was a presumption of innocence of the respondent, that this presumption was a piece of evidence to be taken into consideration with the other evidence and to be given such weight as the jury thought it ought to have. The ground of the exception as argued on the charge as it was finally left is, in short, that thereunder the jury might wholly disregard the presumption or reduce its weight to next to nothing. The charge, however, was not faulty in the respect claimed by the respondent. All the respondent was entitled to he got when the court told the jury that the presumption was a piece of evidence to be considered and weighed by them together with the other evidence.'' This exception is overruled.

During the trial plaintiff Belock admitted that for nearly three months before the Italians left he had known that they were brewing beer and ale, and that they had a still and a kerosene stove to make it go. Just before the arguments the defendant asked leave to incorporate into its defense an affirmative plea that the insured had increased the hazard within his knowledge, and therefore voided the policy. To the allowance of the motion the plaintiff excepted. If any error, which we do not decide, it was harmless. When the defendant started to argue the point to the jury the plaintiff objected, and the defendant's attorney then said to the jury: ''The point I was going to make is apparently one of law, gentlemen, and I won't discuss it further.'' The only issue submitted to the jury was, ''did the plaintiff wilfully and maliciously set, or cause to be set, the fire which burned the barn and contents?''

*Judgment affirmed.*

MOULTON, J. I concur in the result of the foregoing opinion, but in so doing I do not wish to be understood as subscribing to the soundness of the proposition that the presumption of inno-

cence, or any presumption for that matter, is evidence and is to be weighed and considered as such by the jury. Although this doctrine is said in *In re Cowdry's Will*, 77 Vt. 359, 364, 60 Atl. 141, 3 Ann. Cas. 70, to be "embedded in our law," I believe it to be based upon a fallacy. As the opinion points out, the weight of authority is against it, and the United States Supreme Court, upon whose decision in *Coffin* v. *United States*, 156 U. S. 432, 452ff., 39 L. ed. 481, 15 Sup. Ct. 394, reliance was placed in the Cowdry will case, has changed its position in *Agnew* v. *United States*, 165 U. S. 36, 51, 52, 41 L. ed. 624, 630, 17 Sup. Ct. 235, and *Holt* v. *United States*, 218 U. S. 245, 253, 54 L. ed. 1021, 1030, 31 Sup. Ct. 2, 20 Ann. Cas. 1138. Ample support for my view is to be found in Thayer, Preliminary Treatise on Evidence, ch. VIII, and Appendix B; and Wigmore, Evidence, vol. 4, para. 2511.

Since, however, the point is not directly involved in the decision of the instant case, it is unnecessary to labor it at this time.

CHARLES BELOCK ET AL. *v*. UNION MUTUAL FIRE INSURANCE CO.

February Term, 1936.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed May 5, 1936.

*Marvelle C. Webber* and *Vernon J. Loveland* for the plaintiff.

*Fred E. Gleason* for the defendant.