**STATE of Vermont v. Steven B. DIX**

[596 A.2d 1311]

No. 90-072

July 9, 1991. The court's failure to instruct the jury that the presumption of innocence is "a piece of evidence that should be considered with all the other evidence" was not error.

The court's instruction here was as follows:

> The Defendant is not under any obligation to prove that he is innocent. The burden is on the State to prove beyond a reasonable doubt if it can that he is guilty.
>
> One is presumed to be innocent and you are bound in your consideration of the evidence to give him the benefit of that presumption and to remember that the State must overcome the presumption of innocence by proof to your satisfaction that he is guilty beyond a reasonable doubt.
>
> This presumption continues throughout the trial and throughout deliberations, right down to the time when all of you agree upon a verdict, whatever it may be, be it guilty, not guilty or no verdict.

Although the presumption of innocence was characterized as being "a piece of evidence" a long time ago, *Belock v. State Mut. Fire Ins. Co.*, 108 Vt. 252, 262, 185 A. 100, 105 (1936), the concept that a presumption is evidence was recognized as a "false doctrine" and discarded in *Tyrrell v. Prudential Ins. Co. of America*, 109 Vt. 6, 23, 192 A. 184, 192 (1937). In 1957, however, the Legislature enacted 13 V.S.A. § 6502, which reads:

> The presumption of innocence in criminal causes shall attend the accused until the jury renders a verdict of guilty, and the court shall charge the jury accordingly. This presumption of innocence is a proper subject of comment in argument.

This Court held that this statute made the presumption of innocence "a piece of evidence, to be considered by the jury in the defendant's favor in arriving at their verdict." *State v. Camley*, 140 Vt. 483, 488, 438 A.2d 1131, 1133 (1981). It has not held, however, that the court must instruct the jury that the presumption is evidence "so long as [the] charge accurately reflects the law." *State v. Joy*, 149 Vt. 607, 617, 549 A.2d 1033, 1039 (1988). The court's instruction satisfied the law.

Defendant asked the court to instruct the jury that "he did not have to [testify], but he chose to. And he should be considered like any other witness." We agree with the late Justice Hayes, who wrote, concurring in *State v. Peters*, 147 Vt. 390, 393, 518 A.2d 28, 29 (1986), "[T]he better practice is not to single the defendant out by a separate jury instruction dealing solely with his credibility as a witness. The preferable way is for the trial court to give a general charge on the credibility of witnesses." No error appears in the charge.

The defendant's other contentions on appeal are without merit.

*Affirmed.*